HOUSING AUTHORITY OF ELGIN, Plaintiff-Appellee, v. ANTONIA ELLIS, Defendant-Appellant.

Second District   No. 2—91—0759

Opinion filed March 12, 1992.

Gerald Brask, Jr., and Sarah Megan, both of Prairie State Legal Services, of Batavia, for appellant.

Janet Willerman Ellingson, of Elgin, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, the Housing Authority of Elgin, filed a one-count complaint in the circuit court of Kane County seeking to evict defendant, Antonia Ellis, and demanding past rent due under a written lease between plaintiff and defendant. Following a bench trial, the court entered judgment in favor of plaintiff and ordered defendant to pay plaintiff $479.50 plus costs.

On appeal, defendant raises the sole issue of whether section 6(k) of the United States Housing Act of 1937 (42 U.S.C.A. §1437d(k) (West Supp. 1991)), as amended by the Cranston-Gonzales National Affordable Housing Act (Cranston Act) (Pub. L. No. 101—625, 104 Stat. 4185 (1990)), required plaintiff to afford her an administrative grievance procedure prior to initiating its forcible entry and detainer action in the circuit court.

The following facts are relevant to this appeal. Defendant rented a residence from plaintiff pursuant to the terms of a written lease agreement. On January 7, 1991, plaintiff issued defendant a notice demanding rent and possession of the residence based on her failure to pay rent. On January 23, 1991, plaintiff filed its complaint against defendant alleging that defendant had failed to pay rent in the amount of $260. The complaint sought immediate possession of the residence as well as payment of the past-due rent.

Defendant thereafter appeared *pro se*, and judgment was entered against her. The trial court subsequently vacated the judgment pursuant to defendant's motion. On March 18, 1991, defendant moved to dismiss the action pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Defendant moved to dismiss based on plaintiff's failure to afford her an administrative

grievance procedure prior to instituting the forcible entry and detainer action.

Upon denying defendant's motion to dismiss, the trial court entered a written order wherein it found that its denial of the motion to dismiss involved a question of law to which there is a substantial ground for difference of opinion. The order further found that an immediate appeal would materially advance the ultimate termination of the litigation. Defendant in turn applied for leave to appeal to this court pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308), and this court denied said application.

Defendant again raised at trial, by way of affirmative defense, the argument that plaintiff's complaint should be dismissed because she was not afforded the opportunity for an administrative grievance procedure prior to the complaint being filed. She also asserted two other affirmative defenses and filed a two-count counterclaim based on breach of express and implied warranties of habitability.

On May 15, 1991, following a bench trial, the trial court entered judgment in favor of plaintiff and against defendant in the amount of $479.50 plus costs and awarded possession of the residence to plaintiff. On June 10, 1991, defendant filed her notice of appeal. On that same date, she filed, pursuant to Supreme Court Rule 305(a) (134 Ill. 2d R. 305(a)), a motion for stay of the judgment pending appeal, which motion was granted.

Defendant maintains on appeal that plaintiff's complaint should be dismissed because she was not afforded the opportunity to have an administrative grievance procedure prior to the complaint being filed. Specifically, she contends that pursuant to a recent amendment to the United States Housing Act of 1937 (42 U.S.C.A. §1437d(k) (West 1990)) plaintiff can no longer utilize Illinois' forcible entry and detainer procedure in lieu of providing her a formal grievance procedure before evicting her from public housing. According to defendant, the amendment took effect upon its enactment regarding eviction proceedings of the type at issue in this case.

Plaintiff responds initially that while the amendment prohibits a housing authority from pursuing an eviction of the type at issue here absent its affording the tenant an administrative grievance procedure, the amendment does not take effect until the effective date of the final rules implementing the amendment or 180 days after the amendment's enactment, whichever is earlier. Plaintiff further argues that even if the amendment required an administrative grievance procedure in this case, the judgment should be affirmed because defendant has already received due process and "has had her 'day in court.' "

We find no Illinois case addressing the issue in this case. However, the United States District Court for the Northern District of Illinois has recently decided this precise question. (See *Sims v. Kemp* (N.D. Ill. 1991), 769 F. Supp. 279.) In that case, the district court interpreted the applicability clause in section 503(d) of the Cranston Act enacted on November 28, 1990. *Sims*, 769 F. Supp. at 284.

The applicability provision of section 503(d) states:

> "APPLICABILITY.—Any exclusion of grievances by a public housing agency pursuant to a determination or waiver by the Secretary (under section 6(k) of the United States Housing Act of 1937, as such section existed before the date of the enactment of this Act) that a jurisdiction requires a hearing in court providing the basic elements of due process shall be effective after the date of the enactment of this Act only to the extent that the exclusion complies with the amendments made by this section, except that any such waiver provided before the date of the enactment of this Act shall remain in effect until the earlier of the effective date of the final rules implementing the amendments made by this section or 180 days after the date of the enactment." Cranston-Gonzales National Affordable Housing Act, Pub. L. No. 101—625, §503(d), 104 Stat. 4185 (1990).

In *Sims*, the housing authority contended that the tenant was not entitled to an administrative grievance procedure because no final rules had been implemented and because 180 days had not elapsed from the date of the amendment. (*Sims*, 769 F. Supp. at 284.) In disagreeing with the housing authority, the court pointed out that under the applicability provision an exclusion of an administrative grievance procedure would be effective after the November 28, 1990, enactment date only if such exclusion complied with the amendment, that is, that it was based upon a tenant's criminal activity which threatens the health, safety, or right to peaceful enjoyment of the premises or involves drugs. (*Sims*, 769 F. Supp. at 284.) The court further explained that a waiver by the Secretary of Housing and Urban Development (HUD) is a determination by HUD that a State provides due process in its eviction practices, whereas an exclusion is a specific housing authority action which denies grievance procedures to tenants pursuant to the HUD waiver. (*Sims*, 769 F. Supp. at 284.) The court also concluded that the language in the amendment pertaining to an extension of its effective date applies to waivers rather than exclusions. (*Sims*, 769 F. Supp. at 284.) While HUD's determination that State court procedures provide adequate due process to tenants (waiver) is effective past the enactment date of the Cranston Act, the use of exclu-

sions against tenants is subject to the amendment as of the enactment date of the Cranston Act. *Sims,* 769 F. Supp. at 284.

■ While we are not bound by the *Sims* decision, we find its reasoning to be well-founded and persuasive. Moreover, it comports with the plain language of the applicability clause which clearly distinguishes between exclusions of grievances by a public housing authority and waivers by the Secretary of Housing and Urban Development for purposes of the effective date of the amendment. Consequently, plaintiff in this case could not proceed to evict defendant pursuant to the State forcible entry and detainer statute without first affording defendant the opportunity to seek relief pursuant to an administrative grievance procedure.

■ We are also unpersuaded by plaintiff's argument that we affirm the judgment of the circuit court because defendant was afforded due process through the State eviction proceeding and therefore suffered no harm in the absence of an administrative grievance procedure. If we were to apply such a harmless error analysis, we would effectively render the amendment meaningless. The primary purpose of the amendment is to guarantee tenants an administrative grievance procedure in the event a dispute arises between themselves and the public housing authority regarding their tenancy. It expressly eliminates the option of proceeding under an approved State eviction statute rather than providing an administrative grievance procedure. Proceeding under a State eviction statute rather than affording an administrative grievance procedure is no longer an option, and, as such, the question of whether a public housing tenant would receive due process in a State eviction proceeding is irrelevant.

For the foregoing reasons, we vacate the judgment of the circuit court of Kane County and remand this cause with instructions to dismiss the plaintiff's complaint.

Vacated and remanded with directions.

INGLIS, P.J., and GEIGER, J., concur.