HOUSING AUTHORITY OF THE CITY OF BLOOMINGTON, Plaintiff-Appellee, v. LAVERNE RAY, Defendant-Appellant.

Fourth District   No. 4—93—0650

Argued January 19, 1994.—Opinion filed February 14, 1994.

Bernard Shapiro and George D. Boyle (argued), both of Prairie State Legal Services, Inc., of Bloomington, for appellant.

David L. Stanczak (argued), of Dunn, Goebel, Ulbrich, Morel & Hundman, of Bloomington, for appellee.

JUSTICE COOK delivered the opinion of the court:

Plaintiff, Housing Authority of the City of Bloomington (Authority), filed a complaint in forcible entry and detainer (Ill. Rev. Stat. 1991, ch. 110, par. 9—101 *et seq.*) for possession of residential premises leased to the defendant Laverne Ray. The complaint alleged that defendant failed to pay rent on a timely basis. After a bench trial conducted on March 10, 1993, the trial court entered judgment in

favor of the Authority, awarding it possession of the premises, $750.80, and costs. Defendant appeals, contending (1) she was denied her constitutional right to due process because she was not allowed a grievance procedure and (2) the trial court erred in denying her grievance request. We affirm.

On June 5, 1991, the Authority renewed defendant's residential lease. At that time, defendant's rent was $58 per month. In May 1992, pursuant to the terms of the lease, defendant recertified with the Authority. The Authority increased defendant's rent to $84 per month beginning in September 1992, because her income had increased. Shortly thereafter, defendant was informed by letter that her rent increase would begin with the month of June rather than September. Defendant paid the $84 rent for June but did not pay any rent for July and August. In September the Authority filed its first action in forcible entry and detainer. On September 2 defendant lost her job, and in October she contacted the Authority and asked that her rent be readjusted to reflect her loss in income.

On November 12, 1992, the parties reached an agreement which provided in part that the existing suit would be dropped. On November 13, 1992, the Authority served defendant with a 14-day rent demand/notice of termination of tenancy. This notice provided that defendant owed $499 for past-due rent and late charges accruing from July through November. The notice also provided "[u]nless payment thereof is made on or before the expiration of 14 days after date of service of this notice, your Lease of said premises will be terminated." Additionally, the notice stated "[y]ou are further notified that you have a right to make such reply as you may wish, and you have a right to request a hearing in accordance with the Housing Authority's Grievance Procedure." On November 30, 1992, counsel for the Authority dismissed the forcible entry and detainer action previously filed against defendant and wrote in a letter to the Authority "[i]t is my understanding that you will now renotice" defendant. Kim Holman-Short, the assistant executive director of the Authority, testified that in late November 1992, the Authority dismissed the forcible entry and detainer action against defendant pursuant to an agreement reached on November 12 between the Authority and defendant's counsel that (1) a rent statement showing the balance owed would be sent to defendant, (2) defendant had the necessary funds to pay, and (3) would pay the balance owed and (4) remain current. However, defendant did not pay the Authority the past-due rent. Instead, on December 7, 1992, defendant's attorney

requested a grievance hearing on defendant's behalf. On January 8, 1993, the Authority denied the request because it was "not timely" and, on January 19, it filed the forcible entry and detainer action against defendant.

■ Defendant has a property interest in the housing-assistance benefits, which may not be terminated without regard to her due process rights. (*American Property Management Co. v. Green-Talaefard* (1990), 195 Ill. App. 3d 171, 177, 552 N.E.2d 14, 17.) Notice and the opportunity to be heard are essential in order to accord due process to an individual faced with a significant loss. (See *Mathews v. Eldridge* (1976), 424 U.S. 319, 348, 47 L. Ed. 2d 18, 41, 96 S. Ct. 893, 909; *American Property Management Co.*, 195 Ill. App. 3d at 177, 552 N.E.2d at 17-18.) Accordingly, the Authority could not proceed to evict defendant without first affording defendant notice of the termination and the opportunity to seek relief pursuant to an administrative grievance procedure. See *Housing Authority v. Ellis* (1992), 226 Ill. App. 3d 124, 128, 589 N.E.2d 166, 169.

■ Here, the Authority did provide defendant with notice of termination and the opportunity to seek relief pursuant to an administrative grievance procedure. The notice of termination specifically provided that defendant might request a hearing in accordance with the Housing Authority's grievance procedure. The Federal regulations, as they pertain to grievance procedures, and the Authority's official grievance procedures, a copy of which was given every tenant, including defendant, require that a tenant be afforded an opportunity for a hearing if the tenant disputes the Authority's action within a "reasonable time." (See 24 C.F.R. § 966.50, at 1000 (1993).) The notice sent to defendant indicated that the lease would be terminated within 14 days of the date of the service of the notice unless defendant made the payment for the amount due. The notice did not indicate when a grievance procedure had to be filed, but defendant did know the lease would be terminated within 14 days unless some action were taken.

A 14-day notice period is also provided for under the United States Housing Act of 1937 (Act) (see 42 U.S.C.S. § 1437 *et seq.* (1990)). The Act requires that the regulations regarding administrative grievance procedures give tenants "an opportunity for a hearing before an impartial party upon timely request within any period applicable under subsection (*l*)." (42 U.S.C.S. § 1437d(k)(2) (1990).) Subsection (*l*) provides that each public housing agency shall give adequate written notice of termination of the lease which shall not be

less than "14 days in the case of non-payment of rent." (42 U.S.C.S. § 1437d($l$)(3)(B) (1990).) Since the purpose of the grievance procedure is to forestall an improper or unnecessary eviction, in order to be effective the procedure must be invoked prior to commencement of the eviction proceedings. Here, since the Authority could commence eviction proceedings any time after 14 days, we hold the 14-day period was a reasonable time for the defendant to give notice of a dispute and request a hearing. Defendant argues that the provision in the Authority's grievance procedures that grievances be filed within a reasonable time is inadequate, that the tenant should be given a deadline for filing grievances. The advantage of a flexible standard, however, is that it can fairly cover a variety of situations. The trial court properly ruled that defendant's grievance request was untimely.

Furthermore, it is undisputed that defendant received notice of termination for nonpayment of rent. Although it is unclear from the record how or when defendant was initially notified, her counsel was clearly aware of the forcible entry and detainer action filed in September which was dismissed pursuant to agreement. In November, the Authority sent a notice to defendant specifically informing defendant of her right to file a grievance and that her lease would be terminated within 14 days if she failed to pay the amount due. Defendant was represented by an attorney at that time. Since defendant was accorded an opportunity to request a grievance hearing and notice of termination, we cannot say she was denied due process of law.

For reasons stated, we affirm the judgment of the circuit court of McLean County.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.