MANNING BRISTOW, d/b/a Manning Bristow Painting and Decorating, Plaintiff-Appellant, v. WESTMORE BUILDERS, INC., et al., Defendants-Appellees.

Second District   Nos. 2—93—0839, 2—93—0840 cons.

Opinion filed September 15, 1994.

John C. Ambrose, of Ambrose & Cushing, P.C., of Chicago, for appellant.

Stephen A. Rehfeldt, of Wylie, Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

In this consolidated appeal, plaintiff, Manning Bristow, d/b/a Manning Bristow Painting and Decorating, timely appeals from two orders of the circuit court of Du Page County, which dismissed with prejudice his separate complaints to foreclose mechanic's liens he had filed against defendants, Westmore Builders, Inc., Gregory and Rosemary Daniels, and Gregory, Doreen, and Iva Biba. The sole issue raised on appeal is whether plaintiff forfeited his mechanic's lien claim against defendants by failing to file his complaint to enforce

the respective liens within the time limitations prescribed in section 34 of the Mechanics Lien Act (770 ILCS 60/34 (West 1992)).

Because this case comes before the court on a section 2—619 motion to dismiss (735 ILCS 5/2—619 (West 1992)), we assume for the purpose of the motion that all well-pleaded facts are true. (*A.F.P. Enterprizes, Inc. v. Crescent Pork, Inc.* (1993), 243 Ill. App. 3d 905, 912.) On January 19, 1992, plaintiff contracted with Westmore Builders to paint the Daniels residence. On May 10, 1992, plaintiff entered into a similar contract with Westmore to paint the Biba residence. Following completion of the work, and subsequent nonpayment, plaintiff, on June 17, 1992, filed and recorded mechanic's liens against the Daniels and Biba residences.

On October 26, 1992, the Biba defendants filed a statutory demand to commence suit to enforce the lien. (See 770 ILCS 60/34 (West 1992).) A similar demand was filed by the Danielses on November 25, 1992. Section 34 of the Mechanics Lien Act provides, in relevant part:

> "§ 34. Upon written demand of the owner, lienor, or any person interested in the real estate, or their agent or attorney, served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited." 770 ILCS 60/34 (West 1992).

On November 30, 1992, plaintiff, under the name "Manning Bristow Painting and Decorating, Inc.," filed separate actions to enforce the respective mechanic's liens against the Biba defendants (No. 92—CH—1154) and the Daniels defendants (No. 92—CH—1153). Westmore was also named as defendant in both actions.

On March 5, 1993, both sets of defendants moved to dismiss the respective actions against them on the ground that "Manning Bristow Painting and Decorating, Inc.," was a nonexistent legal entity, thus rendering the suits a nullity. Subsequently, the trial court, on May 4, 1993, granted plaintiff's motion to amend its complaint *instanter*, which substituted the name "Manning Bristow d/b/a Manning Bristow Painting and Decorating" in place of "Manning Bristow Painting and Decorating, Inc."

Both sets of defendants again moved to dismiss the respective complaints against them on the ground that plaintiff's failure to file timely an action to enforce the respective liens precluded any further action against them. In their motions to dismiss, both sets of defendants argued that because their respective demands to file suit preceded the date plaintiff filed his amended complaint (May 4, 1993)

by more than 30 days, plaintiff was precluded from bringing suit to enforce the liens. The Biba defendants maintained additionally that even if plaintiff's suit was determined to have been filed on November 30, 1992, it was nevertheless untimely because it was more than 30 days past their demand date (October 26, 1992). The Bibas attached to their motion to dismiss copies of a process server's affidavit verifying that on October 26, 1992, he served the demand upon plaintiff's wife, Charlotte Bristow, at plaintiff's usual place of abode, and that on October 28, 1992, a copy of the demand was mailed to plaintiff at his residence.

In response to the motion to dismiss, plaintiff raised two arguments: (1) that misnomer of the plaintiff could properly be corrected by amendment (see 735 ILCS 5/2—1(b) (West 1992)); and (2) that the relation-back doctrine allowed him to cure a technical pleading deficiency without disturbing the original filing date. In the trial court, plaintiff did not counter the Biba defendants' additional argument that plaintiff's suit was untimely because it was filed more than 30 days after October 26. The trial court dismissed both complaints with prejudice on the ground that neither complaint had been filed within the time limitations prescribed in the Mechanics Lien Act. Plaintiff timely appeals.

Plaintiff contends on appeal that it was merely a case of misnomer when he identified himself as a corporation instead of a sole proprietorship in the initial complaint. Under plaintiff's theory of the case, his complaint to enforce the liens against the respective defendants' properties was filed on November 30, 1992. Defendants respond that plaintiff, as named in the initial complaint, was a non-existent legal entity, thereby rendering his original complaint a nullity; therefore, the date on which plaintiff was granted leave to file his amended complaint, May 4, 1993, controls. Both sets of defendants maintain that because the amended complaints to enforce the respective liens were filed more than 30 days following their demands to initiate suit, plaintiff forfeited his liens and was precluded from filing suit to enforce them. As they did in the trial court, the Biba defendants maintain, alternatively, that even if the complaint is deemed to have been filed on November 30, plaintiff nevertheless filed suit more than 30 days following their demand (October 26) to file suit, and, therefore, plaintiff's action against them was barred.

■ Misnomer is a mistake in name or the provision of an incorrect name to the person in accusation or pleading. (Black's Law Dictionary 1000 (6th ed. 1990).) It means nothing more than that a party is styled in other than his or her own name. (59 Am. Jur. 2d *Parties* § 243 (1987).) The consequence of a misnomer is explained in section

2—401(b) of the Code of Civil Procedure, which provides, in relevant part:

"(b) Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (735 ILCS 5/2—401(b) (West 1992)).)

Simply put, while an opposing party may require that a misnomer be corrected, he or she cannot force a dismissal for the misnomer. *Sjostrom v. McMurray* (1977), 47 Ill. App. 3d 1040, 1043.

The vast majority of cases addressing misnomer have arisen in the context of misnamed, misidentified, or mischaracterized defendants. (See, *e.g.*, *Greil v. Travelodge International, Inc.* (1989), 186 Ill. App. 3d 1061; *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948.) In contrast, the case at bar presents the relatively unusual circumstance where a plaintiff has styled himself as a corporation instead of a sole proprietorship. Although our research has disclosed no case directly on point with the circumstances here, two nearly on point cases provide insight.

In *Calvert Distillers Co. v. Vesolowski* (1973), 14 Ill. App. 3d 634, the court rejected the defendants' contention that a lawsuit filed against them was a nullity because the plaintiff was a nonexistent legal entity. In its complaint, the plaintiff had styled its name, in part, "House of Seagram, Inc." The actual plaintiff, however, was "Joseph E. Seagram and Sons, Inc.," the company into which House of Seagram had been merged. In rejecting the defendants' argument, the court noted that there was no reason to render the suit a nullity. All the parties were fully aware of the identities of the actual litigants and an actual plaintiff existed. *Calvert*, 14 Ill. App. 3d at 636.

In contrast, the court in *Alton Evening Telegraph v. Doak* (1973), 11 Ill. App. 3d 381, affirmed the grant of a defendant's motion to vacate a default judgment where the plaintiff named in the complaint lacked the legal capacity to sue. In affirming, the court determined that the underlying judgment had not been rendered in the name of a natural or artificial person having the capacity to sue and that there were no facts properly before the court that identified an entity capable of suing. (*Alton*, 11 Ill. App. 3d at 382.) The *Alton* court, however, never addressed the question of misnomer; instead it relied on a section of the then-extant Civil Practice Act which required that a plaintiff be possessed of a legal entity as a natural, artificial or quasi-artificial person. *Alton*, 11 Ill. App. 3d 381.

■ Viewing the circumstances of the present case in light of the foregoing, we conclude that this case presents merely a circumstance

of misnomer. Similar to *Calvert*, it is abundantly apparent from the record that the parties were fully aware of the identities of the actual litigants and that an actual plaintiff was in existence. That defendants were aware of the actual plaintiff is evidenced by their respective demands upon plaintiff to file suit within the statutory time limits prescribed in the Mechanics Lien Act. Additionally, unlike *Alton*, there were facts in the record which identified an entity capable of suing. Furthermore, we find no evidence in the record to suggest that plaintiff sought to take advantage of a misnomer as a means to avoid dismissal for failure to comply with rules. (See *Sjostrom*, 47 Ill. App. 3d at 1043.) Finally, to embrace defendants' hypertechnical argument would be, in our opinion, contrary to the spirit of section 1—106 of the Code of Civil Procedure, which provides that the Code be liberally construed in order to facilitate a speedy and final determination according to the substantive rights of the parties. (See 735 ILCS 5/1—106 (West 1992).) We conclude, therefore, that plaintiff's misstyling himself as a corporation in his initial complaint instead of a sole proprietorship presents a case of misnomer which, under the circumstances here, resulted in no actual prejudice to defendants.

Furthermore, we find the cases relied upon by defendants distinguishable. (See, *e.g.*, *Vukovich v. Custer* (1953), 415 Ill. 290.) Those cases addressed the circumstance of a plaintiff who was already deceased, or who died during the pendency of the action, and a wholly distinct real party in interest attempted to substitute itself for the deceased plaintiff. The present case differs because plaintiff was a single, identifiable entity who misstyled himself as a corporation. It was not an attempt by a distinct legal entity to substitute itself for the real party in interest.

█ Having concluded that plaintiff's misstyling himself as a corporation instead of a sole proprietorship in his initial complaint was merely a misnomer, it follows that November 30, 1992, the original filing date, controls for the purpose of applying the section 34 limitations period of the Mechanics Lien Act. Therefore, as to the Biba defendants, No. 92—CH—1154, the trial court's dismissal of plaintiff's complaint against them is affirmed because their demand to file suit was made on October 26, 1992, which preceded the suit filing date by more than 30 days. As to the Daniels defendants, No. 92—CH—1153, the trial court's dismissal of plaintiff's complaint against them is reversed because the November 30 suit filing date was within 30 days of their written demand to commence suit which was made on November 25, 1992.

We note that in his reply brief and in a supplemental brief which he seeks leave to file, plaintiff contends that we should reject the

Biba defendants' position that the abode service of the written demand on Manning Bristow's wife constituted valid notice triggering the 30-day time limit, and rule instead that plaintiff's complaint against the Biba defendants was timely filed. Plaintiff failed to raise this issue in the trial court. The motion to dismiss filed by the Biba defendants quite plainly asserted that "on October 26, 1992, the defendants served upon plaintiff (through abode service on plaintiff's spouse) a written demand to file suit to enforce plaintiff's aforedescribed claim for mechanic's lien within 30 days of the service on plaintiff of such demand." These defendants attached as an exhibit an affidavit of the process server proving such service. Plaintiff had every opportunity to raise in the trial court any argument that this form of service was insufficient to trigger the 30-day limitations period. However, in his written response to this motion to dismiss, plaintiff presented no such challenge. It is axiomatic that arguments not raised in the trial court are waived on review. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500.) The trial court's order granting defendants' motion to dismiss does not specify whether it relied on the October 26 service date as a basis for dismissing the action as to the Biba defendants, and plaintiff, as the appellant, has provided no transcript of the proceedings on the motion. We may affirm the trial court's ruling on the basis of any grounds supported by the record. (*Tim Thompson, Inc. v. Village of Hinsdale* (1993), 247 Ill. App. 3d 863, 887.) Accordingly, this contention is waived, and we deny plaintiff's motion to supplement his opening brief for the purpose of presenting this issue for the first time on appeal.

■ Finally, as result of our disposition, it is unnecessary to consider plaintiff's motion to supplement his opening brief with an additional contention addressing the application of the relation-back doctrine because, in view of our conclusion that the effective date of filing was November 30, that argument is moot. Accordingly, plaintiff's motion is denied.

For the foregoing reasons, the judgment of the circuit court of Du Page County in No. 92—CH—1154 is affirmed, and its judgment in No. 92—CH—1153 is reversed and the cause is remanded for further proceedings.

No. 92—CH—1154, Affirmed.
No. 92—CH—1153, Reversed and remanded.

INGLIS, P.J., and WOODWARD, J., concur.