# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***U.S. Bank National Ass'n v. Luckett*, 2013 IL App (1st) 113678**

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK NATIONAL ASSOCIATION, as Trustee for Credit Suisse First Boston HEAT 2005-5, Plaintiff-Appellee, v. MICHAEL LUCKETT, RUBY WILSON, and UNKNOWN OCCUPANTS, Defendants-Appellants. |
| District & No. | First District, First Division<br>Docket No. 1-11-3678 |
| Filed | March 4, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from the entry of a judgment and order of possession in the forcible entry and detainer action plaintiff bank filed following its action to foreclose the mortgage on the subject property, the appellate court affirmed the trial court's actions and rejected defendants' contentions that plaintiff was not correctly named in the forcible entry complaint, that the preeviction notice was not properly served, that defendants' postjudgment motion to dismiss for lack of standing was improperly denied, and that sanctions should be imposed under Supreme Court Rule 137. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-M1-714759; the Hon. James L. Kaplan and the Hon. George F. Scully, Jr., Judges, presiding. |
| Judgment | Affirmed as modified. |

| Counsel on Appeal | Barbosa Law Group, PC, of Chicago (Raymond Barbosa, of counsel), for appellants. |
|---|---|
| | Locke Lord, LLP, of Chicago (Simon Fleischmann, Hugh S. Balsam, and Ryan M. Holz, of counsel), for appellee. |
| Panel | JUSTICE DELORT delivered the judgment of the court, with opinion. Justices Cunningham and Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff, U.S. Bank National Association, as trustee for Credit Suisse First Boston HEAT 2005-5 (U.S. Bank),[1] filed a forcible entry and detainer action against defendants, Michael Luckett, Ruby Wilson, and unknown occupants. In its complaint and accompanying notice, which were properly served to defendants, U.S. Bank identified itself as "Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5." On October 31, 2011, the circuit court entered an order of possession against defendants, which also identified U.S. Bank as Bank National Association, as trustee for Credit Suisse First Boston HEAT 2005-5. Defendants then moved to dismiss the case and stay the order of possession, claiming Bank National Association, as trustee for Credit Suisse First Boston HEAT 2005-5, was not a proper plaintiff and, thus, had no right to possession of the property. The court denied defendants' motion and ordered U.S. Bank to file a written motion to amend its complaint. U.S. Bank filed its motion to amend the complaint and order of possession. On December 14, 2011, the court granted U.S. Bank's motion and amended the complaint and October 31, 2011 order of possession *nunc pro tunc* "to reflect U.S. Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5 as the proper party plaintiff." Defendants appeal from the December 14, 2011 order. We affirm the judgment of the circuit

---

[1]The caption reflects the correct name of plaintiff-appellee, but it should be noted that plaintiff initially filed its forcible complaint as "Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5," incorrectly naming itself in the complaint. Plaintiff's motion to amend its complaint *nunc pro tunc* was later granted by the circuit court to reflect the correct name of plaintiff, which is the subject of this appeal. During oral argument, defendants-appellants raised for the first time the issue of whether Bank National Association, as trustee for Credit Suisse First Boston HEAT 2005-5, existed as an entity, asserting that research conducted two weeks prior to oral argument revealed the real plaintiff in interest was an entity entitled "Home Equity Asset Trust." Plaintiff clarified both in its response during oral argument and in its reply brief that the word "HEAT" in Bank National Association, as trustee for Credit Suisse First Boston HEAT 2005-5, is simply an acronym for "Home Equity Asset Trust."

court and modify the court's October 31, 2011 order to remove the *nunc pro tunc* language so that the amendments relate back to the original documents in question.

¶ 2                                      BACKGROUND

¶ 3        About five years ago, Jean Prabhakaran fell into default on a mortgage held on her property in Maywood, Illinois. The circuit court entered orders foreclosing on the mortgage and confirming the sale of the property back to U.S. Bank, which was the original mortgagee's successor. After the foreclosure case had been completed, Prabhakaran filed a flurry of motions to forestall U.S. Bank's repossession of the property. The court denied these motions, but Prabhakaran appealed. This court recently affirmed those rulings, finding that the foreclosure and sale were valid. *U.S. Bank National Ass'n v. Prabhakaran*, 2013 IL App (1st) 111224.

¶ 4        While the *Prabhakaran* appeal was pending, U.S. Bank discovered that Prabhakaran's relatives Michael Luckett and Ruby Wilson, were actually living at the Maywood property. On July 8, 2011, U.S. Bank filed a new action under the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2010)) claiming that it was entitled to possession of the property from Luckett and Wilson. That case is the subject of the present appeal.

¶ 5        Before filing this case, attorneys for U.S. Bank issued a preeviction notice pursuant to section 15-701 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1701 (West 2010)). The preeviction notice was on the law firm's letterhead, which bore the firm's name, address, and phone number. It stated that the property was now owned by "Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5" and that the same entity demanded possession. The name of the owner in the preeviction notice deviated from the correct name only through the omission of the characters "U.S." Both the caption of the complaint filed below and the original possession order now on appeal herein contain the same omission. The complaint itself contains only three paragraphs, none of which reference plaintiff by name. However, attached to the complaint was a copy of the order of confirmation of sale entered in the *Prabhakaran* case, which correctly lists plaintiff's name with the additional characters "U.S." in the caption, and a notice listing contact information for the real estate management personnel responsible for the property, including their phone numbers and email address.

¶ 6        Luckett and Wilson were served with summonses on August 24, 2011, requiring them to appear "for trial" on August 31, 2011. The record is unclear on the point, but it appears they did not appear in court that day. The court continued the case to October 31, 2011. Again, the record does not make clear whether Luckett and Wilson appeared for trial. After hearing the matter for trial, the court entered an order of possession in favor of U.S. Bank and against Luckett and Wilson. The court stayed the order of possession until November 7, 2011. That order disposed of all issues in the case.

¶ 7        Through an attorney, Luckett and Wilson filed their first pleadings in the eviction case on November 4, 2011. The attorney representing Luckett and Wilson in the case below is one of the same attorneys who represented Prabhakaran in the later stages of the foreclosure case.

¶ 8        Instead of filing a motion to vacate or a motion for a new trial, counsel for Luckett and

Wilson filed a notice of motion indicating he would present "Motions to Quash Service of Process, Dismiss for Lack of Jurisdiction, and Stay Order for Possession."[2] The motion is hardly a model of draftsmanship. First, despite the title in the notice of motion, nothing in the motion seeks to quash service of process. The motion is divided into two parts. The first part is labeled "Motion to Dismiss for Lack of Jurisdiction (Wrong Plaintiff)." This part does contain a prayer for relief asking the court to vacate the order of possession, but cites none of the usual statutory authority, such as section 2-1301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301 (West 2010)), to support a request to vacate. Nor does it or defendants' appellate briefs recite any of the usual standards applicable to motions to vacate, such as "substantial justice between the parties." See *Northern Trust Co. v. American National Bank & Trust Co. of Chicago*, 265 Ill. App. 3d 406, 412 (1994).

¶ 9 The second part of the motion is labeled "Motion to Stay Order for Possession." This part begins with a citation to section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2010)), which allows courts to grant new trials. However, nothing else in the motion requests a new trial. This part of the motion simply cites the pendency of the *Prabhakaran* appeal as a reason to stay the October 31 possession order.

¶ 10 The court below denied the defendants' motions to dismiss and to stay possession. The court did, however, order plaintiff to file a written motion to amend the complaint, and it set a briefing schedule on that motion. In its written motion, U.S. Bank indicated that the "Bank National Association" appellation was a misnomer created by a scrivener's error. On December 14, 2011, the court granted U.S. Bank's motion to amend, and ordered that the complaint and October 31, 2011 order of possession be amended *nunc pro tunc* to add "U.S." before "Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5."

¶ 11 On December 15, 2011, defendants filed a timely notice of appeal. The notice of appeal is also problematically drafted. The notice states that the only "judgment/order being appealed from" is dated "12/14/11"–a date which refers only to Cook County Circuit Court Judge George Scully's order granting plaintiff's motion to amend. One line below, the notice of appeal contains a seemingly contradictory statement indicating that the relief sought from this court includes not only reversing the December 14, 2011 order allowing the amendment, but also reversing the November 17 order denying defendants' motion to dismiss. Nowhere does the notice indicate the November 17 date. The December 15 notice of appeal would be timely as to both the December 14 and November 17 orders.

¶ 12 Most significantly, the notice of appeal mentions nothing about the October 31 trial order which actually granted possession to plaintiff. Given the state of the record, we must examine whether we have jurisdiction over the October 31 and November 17 orders.

¶ 13 Our supreme court has explained that notices of appeal in such circumstances should be liberally construed:

"When an appeal is taken from a specified judgment only, or from a part of a specified

---

[2]Although the notice of motion describes the motion filed as "Motions to Quash Service of Process, Dismiss for Lack of Jurisdiction, and Stay Order for Possession," the actual motion filed is entitled "Motions to Dismiss for Lack of Jurisdiction and Stay Order for Possession."

judgment, the court of review acquires no jurisdiction to review other judgments or parts thereof not so specified or not fairly to be inferred from the notice as intended to be presented for review on the appeal. If from the notice of appeal itself and the subsequent proceedings it appears that the appeal was intended, and the appellant and the appellee so understood, to have been taken from an unspecified judgment or part thereof, the notice of appeal may be construed as bringing up for review the unspecified part of the order or judgment. Such a construction would be appropriate where the specified order directly relates back to the judgment or order sought to be reviewed. Paraphrasing the language of *Elfman* [(*Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977))], the unspecified judgment is reviewable if it is a 'step in the procedural progression leading' to the judgment specified in the notice of appeal." *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434-35 (1979).

Plaintiff here has not argued that we lack jurisdiction over the appeal from any of the three underlying orders, and the parties have fully briefed them on the merits. The three orders–the possession order closing the case, the order denying the "motion to dismiss," and the order granting the motion to amend–are all steps in the same procedural progression. Applying *Burtell*, we find that we have jurisdiction over all three orders. *Id*. at 435-36.

¶ 14                                                      ANALYSIS

¶ 15    Defendants argue on appeal that the complaint, as amended *nunc pro tunc*, is null and void because U.S. Bank did not effect proper service of a preeviction notice pursuant to section 15-1701(h)(4). Defendants challenge the October 31, 2011 order entered by the circuit court, contending it should be rendered null and void because plaintiff could never prove its right to possession. Defendants assert the court erred when it denied their postjudgment motion to dismiss for lack of standing to bring suit. In addition, defendants claim the court improperly ordered the October 31, 2011 order be amended *nunc pro tunc*. Finally, defendants argue plaintiff should be required to pay sanctions under Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. Feb. 1, 1994)) for costs and expenses to defend and appeal an action brought in the name of a nonexistent entity.

¶ 16    The October 31, 2011 order recites that the "issues thereof" were "heard and determined by [the] court." While there is no transcript of the hearing from that date, we must presume that the circuit court conducted the trial as appropriate before entering the order of possession. No transcript, or acceptable substitute (Ill. S. Ct. R. 323(c) (eff. Dec. 13, 2005)) of the hearing has been included in the record, and thus any doubts arising from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Given the incomplete record on appeal, we must presume that the court ruled or acted correctly (*Moenning v. Union Pacific R.R. Co.*, 2012 IL App (1st) 101866, ¶ 38), and that the order was entered in conformity with the law and was properly supported by the evidence. *Foutch*, 99 Ill. 2d at 393.

¶ 17    After the trial, defendants filed a motion seeking various forms of relief regarding the possession order. For example, defendants claimed dismissal of the case was appropriate for lack of jurisdiction because plaintiff did not have standing to bring suit. As noted above, this

case was unnecessarily complicated by the confusing manner in which defendants' motion was prepared. It is elementary that once a case has been tried, the judgment order resulting from the trial cannot be attacked by a belated motion to dismiss. See, *e.g.*, *Lyons v. Ryan*, 324 Ill. App. 3d 1094, 1104 (2001) (although parties cannot waive an issue of subject matter jurisdiction, other jurisdictional issues such as standing can be waived because the essence of the standing inquiry is not the subject matter *per se*, but whether a litigant, either in an individual or representative capacity, is entitled to have the court decide the merits of a particular dispute). By failing to answer the complaint, defendants admitted all the allegations of the complaint and forfeited their right to complain about the result or the manner in which it was reached. 735 ILCS 5/2-1301(d) (West 2010); see also *Roth v. Roth*, 45 Ill. 2d 19, 23 (1970); *In re Marriage of Epting*, 2012 IL App (1st) 113727, ¶ 30; *Ameritech Publishing of Illinois, Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 59-60 (2005). While the motion uses the word "vacate" in the prayer for relief, it is clear that the motion seeks to dismiss the case in its entirety, and in so doing, completely ignores the fact that the case had already been tried to judgment.

¶ 18    The second part of the motion begins with a citation of the correct provision for a new trial (735 ILCS 5/2-1203 (West 2010)), but instead of presenting any argument why a new trial is warranted, the motion leaps into a completely unrelated request to stay possession pending resolution of the *Prabhakaran* appeal.

¶ 19    Had defendants presented their motion to dismiss before trial, they would have been in a better procedural posture to litigate their "wrong name" claim. Their brief characterizes the misnomer issue as a standing issue, but standing can be forfeited if a defendant fails to challenge the issue in a timely manner. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010). Because they presented no explanation of why they did not do so, the circuit court was correct to deny them any relief. The actual name of the entity claiming possession is of little relevance here, because defendants had no business dealings with it in the first place–only Prabhakaran presumably did. Additionally, the actual party in interest is not U.S. Bank, which is merely a trustee, but rather is Credit Suisse, whose long legal name was precisely set forth on both the preeviction notice and the forcible entry complaint. Finally, a copy of the foreclosure court's order, clearly specifying plaintiff as "U.S. Bank, National Association," and a notice listing contact persons were attached as exhibits to the complaint which was served on defendants.

¶ 20    We turn, then, to the circuit court's remedy for the difference between "Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5" and "U.S. Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5." The very awkwardness of the former name itself suggests to the reader that it may be a misnomer, which is the use of an incorrect name of a person in a pleading. *Bristow v. Westmore Builders, Inc.*, 266 Ill. App. 3d 257, 260 (1994) (citing Black's Law Dictionary 1000 (6th ed. 1990)). The circuit court granted plaintiff's motion to amend *nunc pro tunc*. While we agree with defendants that the term "*nunc pro tunc*" was misused, we find that the amendment was a valid exercise of the court's authority to amend pleadings and to relate them back to the original filing.

¶ 21    Defendants suggest that this case is not a misnomer case, but rather a mistaken identity

case. Courts are much more reluctant to allow parties to easily correct parties' names if they are incorrect because of a mistaken identity than because of a misnomer. "Whether a case involves mistaken identity or misnomer depends on the intent of the plaintiff as established by the plaintiff's objective manifestations of that intent as contained in the record." *Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, ¶ 24. We can take judicial notice that courts across the nation are adjudicating a huge number of foreclosure cases and eviction cases which stem from foreclosures, and that the lenders use law firms which litigate these cases in high volume. That high volume, in turn, means that pleadings are generated through "search and replace" word processing features. While efficient, this practice runs the risk of a single error infecting an entire series of pleadings. Because of the very slight difference between the two names at issue, and the fact that no one has suggested that the difference is attributable to anything but a scrivener's error, we look to the misnomer cases for guidance here.

¶ 22        Section 2-401(b) of the Code provides in relevant part: "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2-401(b) (West 2010). While "an opposing party may require that a misnomer be corrected, he or she cannot force a dismissal for the misnomer." *Bristow*, 266 Ill. App. 3d at 261 (citing *Sjostrom v. McMurray*, 47 Ill. App. 3d 1040, 1043 (1977)). A misnomer can be corrected through a motion to amend. *Thompson v. Ware*, 210 Ill. App. 3d 16, 18 (1991); 735 ILCS 5/2-616(c) (West 2010) ("[a] pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs"). The purpose of the relation-back provision of section 2-616(b) is to preserve causes of action against loss due to technical pleading rules, " 'to allow the resolution of litigation on the merits and to avoid elevating questions of form over substance.' " *Santiago v. E.W. Bliss Co.*, 2012 IL 111792, ¶ 25 (quoting *Boatmen's National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 102 (1995)).

¶ 23        Misnomers most frequently occur when plaintiffs misname defendants. However, sometimes plaintiffs misname themselves. Illinois courts have consistently been reluctant to dismiss cases because of minor variations in a plaintiff's name, particularly where the defendant suffered no prejudice because of the error. By doing so, the courts have placed substance over form and promoted the efficient and prompt adjudication of disputes, interests which are of primary importance in forcible entry cases.

¶ 24        The plaintiff in *Bristow* was a sole proprietor, but instead sued in the name of a corporation. *Bristow*, 266 Ill. App. 3d at 258. Just as here, the *Bristow* defendant argued that the complaint was a nullity because the named corporate plaintiff did not exist. *Bristow*, 266 Ill. App. 3d at 261-62. The court rejected that argument, and concluded that the case simply involved a correctable misnomer. *Bristow*, 266 Ill. App. 3d at 261-62.

¶ 25        Similarly, in *Calvert Distillers Co. v. Vesolowski*, 14 Ill. App. 3d 634 (1973), the court rejected the defendants' contention that a lawsuit filed against them was a nullity because the plaintiff was a nonexistent legal entity. The complaint listed the plaintiff's name, in part, as "House of Seagram, Inc." The actual plaintiff, however, was "Joseph E. Seagram and Sons, Inc.," a successor corporation by merger to the House of Seagram, Inc. The court found that there was not reason to render the suit a "nullity" due to this error. *Calvert Distillers Co.*, 14

-7-

Ill. App. 3d at 636.

¶ 26 Most recently, in *Todd W. Musburger, Ltd. v. Meier*, 394 Ill. App. 3d 781, 806-08 (2009), we applied the misnomer rule when a plaintiff filed suit as "The Law Offices of Todd W. Musburger, Ltd." rather than "Todd W. Musburger, Ltd.," its official corporate name. The court rejected the defendant's attempt to extricate itself from the judgment on the basis of the incorrect name, stating: "we conclude that this case involves misnomer and, accordingly, the trial court did not err when it struck defendant's affirmative defense and denied defendant's section 2-1401 petition for relief from judgments arguing that plaintiff was a nonentity lacking the legal capacity to sue." *Id.* at 808. Therefore, the circuit court correctly determined that the error was a correctable misnomer.

¶ 27 The circuit court allowed plaintiff's name to be amended *nunc pro tunc*. The purpose of a *nunc pro tunc* order is to correct the record for a clerical or inadvertent scrivener's error, not to alter the actual judgment of the court or correct judicial errors. In other words, a *nunc pro tunc* order allows the record to express, in writing, what the court actually intended to occur. *Krilich v. Plencer*, 305 Ill. App. 3d 709, 712 (1999). When the court entered the October 31, 2011 order, the plaintiff of record was, in fact, listed as "Bank National Association" rather than "U.S. Bank National Association." Accordingly, the court should have stated that the amendments related back rather than they operated *nunc pro tunc*. In misnomer cases, the relation-back doctrine automatically applies, so the amended complaint and order would be considered as filed upon the filing date of their original counterparts. *Maggi*, 2011 IL App (1st) 091955, ¶ 23. Because the *nunc pro tunc* language was merely superfluous, we affirm the judgment of the court, but modify the court's October 31, 2011 order to remove that language and hold that it related back so as to modify the original documents in question. Ill. S. Ct. R. 366 (eff. Feb. 1, 1994).

¶ 28 Even if the circuit court properly allowed the complaint and order to be amended, defendants argue that they should still prevail because the preeviction notice was flawed, and the court had no authority to amend it. The preeviction notice is prepared and served long before a complaint is filed, so the regular pleading rules do not apply to it. Nonetheless, it is a creation of statute, and we look to the governing statute for guidance regarding it. Section 15-1701(h)(4) of the Illinois Mortgage Foreclose Law requires the notice. It states, in pertinent part:

"No mortgagee-in-possession, receiver or holder of a certificate of sale or deed, or purchaser who fails to file a supplemental petition under this subsection during the pendency of a mortgage foreclosure shall file a forcible entry and detainer action against an occupant of the mortgaged real estate until 90 days after a notice of intent to file such action has been properly served upon the occupant." 735 ILCS 5/15-1701(h)(4) (West 2010).

¶ 29 The statute specifies no particular language or content of the preeviction notice, but only provides that it should be "properly served." In particular, there is no requirement that the notice contain the name of the owner. Here, the same law firm which brought the forcible entry and detainer case served a notice, written on its letterhead. The notice lists the name of the owner, save for the missing characters; provides the property address; states that "my

client" has terminated the lease; and otherwise contains sufficient information that anyone confused about the notice could contact a knowledgeable individual for further information. See, *e.g.*, *Prairie Management Corp. v. Bell*, 289 Ill. App. 3d 746, 750 (1997); *Housing Authority of City of Bloomington v. Ray*, 258 Ill. App. 3d 384, 386 (1994).

¶ 30 Defendants also ask this court to impose sanctions under Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. Feb. 1, 1994)) for what it considers to be plaintiff's filing of a complaint in the name of a nonexistent entity. "The purpose of Rule 137 is to prevent parties from abusing the judicial process by imposing sanctions on litigants who file vexatious and harassing actions based upon unsupported allegations of fact or law." *Dismuke v. Rand Cook Auto Sales, Inc.*, 378 Ill. App. 3d 214, 217 (2007). Because Supreme Court Rule 137 is penal in nature, it will be strictly construed. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998). A circuit court's ruling on Supreme Court Rule 137 sanctions will not be reversed absent an abuse of discretion. *Id.*

¶ 31 Defendants correctly note that the misnomer was the result of carelessness and inattention to detail on the part of plaintiff's attorneys, but then they improperly analogize what is a minor, nonprejudicial clerical error to the practice of making up imaginary clients and suing people in the name of those clients for no reason whatsoever. Obviously, the latter would be sanctionable, but the former is hardly so. Above, we explained why the misnomer was not fatal. Because the judgment below in favor of plaintiff was correct, there can be no reason to impose any sanctions on plaintiff.

¶ 32 Along the same line, we pause to comment on the tone of defendants' brief in this court. As noted above, defendants have presented no defense to the underlying eviction action other than the technical one which we have rejected. The loan signed by Prabhakaran has been in default now for about five years. Both Prabhakaran and her tenants, using the same set of attorneys, have used the legal system to delay the inevitable as long as possible, losing at every stage. In the meantime, we can only presume that they are enjoying the use of the property essentially free of charge, and at great cost to the lender and its successors. *Nationwide Advantage Mortgage Co. v. Ortiz*, 2012 IL App (1st) 112755, ¶ 34 (noting "the fact that defendant was living on the subject property for nearly two years without making a mortgage payment cannot be ignored").

¶ 33 In their brief before this court, defendants state that plaintiff's attorney "unwittingly conspired with the judge [in the circuit court] to save an unjust order for possession and eviction," and complain that the judge, who sits in a high-volume courtroom, made their attorney wait a half hour until plaintiff's counsel arrived and excused them from complying with his courtesy copy rule. None of these accusations are, of course, exhibited in the record. See *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶¶ 12, 15 (admonishing appellant counsel's lack of professionalism in complying with supreme court rules for briefs on appeal); *Burmac Metal Finishing Co. v. West Bend Mutual Insurance Co.*, 356 Ill. App. 3d 471, 478 (2005) (same).

¶ 34                                          CONCLUSION

¶ 35 For these reasons, we affirm the judgment of the circuit court and modify the court's

October 31, 2011 order to remove the *nunc pro tunc* language so that the amendments relate back to the original documents in question.

¶ 36      Affirmed as modified.