2020 IL App (2d) 190543-U
No. 2-19-0543
Order filed March 10, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| BRIAN COSGROVE, | ) ) | Appeal from the Circuit Court of Kendall County. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 04-D-34 |
| CARRIE A. BIRK, | ) ) | Honorable Stephen J. Krentz, |
| Defendants-Appellee. | ) ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Zenoff concurred in the judgment.

**ORDER**

¶ 1   Held:   The trial court did not abuse its discretion by denying petitioner's motion for a continuance where he failed to provide the court with especially grave reasons mandating a continuance and numerous prior continuances were caused by petitioner's failure to produce discovery; this court had no jurisdiction to review petitioner's claim that the trial court erred by denying his section 2-1401 petition where he failed to specify such judgment in his notice of appeal.   Judgment affirmed.

¶ 2   Petitioner, Brian Cosgrove, brought a post-dissolution motion to modify child support. The trial court denied his motion for a continuance, denied his original motion to modify child support, and set an arrearage amount to be paid to respondent, Carrie A. Birk.   The court denied

Brian's motion to reconsider but allowed him to file an amended motion to modify child support. The trial court granted the amended motion but made the new support obligation retroactive to the filing date of the amended motion. Brian appeals the following orders: (1) denial of the motion for a continuance; (2) denial of the motion to reconsider; and (3) denial of his section 2-1401 motion to vacate the denial of the motion to reconsider. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The parties were married in April 1994. They had two children during the marriage: T.K.C., born July 13, 1994; and C.B.C., born November 1, 2002. The trial court entered a judgment for the dissolution of marriage in April 2006, into which the parties' marital settlement agreement (MSA) was incorporated. The MSA obligated Brian to pay child support in the amount of $1534 per month "until otherwise ordered."

¶ 5     On January 16, 2018, Brian filed a motion to modify child support alleging the following. Since the entry of the MSA there has been a substantial change in circumstances in that the parties' oldest child, T.K.C., is now emancipated and Brian is paying in excess of the statutory amount of child support. Brian sought a reduction of his child support obligation to the statutory amount for the parties' remaining minor child. Brian attached his affidavit of income and expenses to his petition.

¶ 6     On March 1, 2018, Carrie filed a motion for Brian to

        "pay arrears [in the] amount of [$]5906. Show proof of having [l]ife [i]nsurance
    for himself with [C.B.C.] as [b]eneficiary. W-2's for the last three years. To reduce
    child support by a percentage minus one child – [C.B.C.] resides with [Carrie] 85% time.
    Show proof of [h]ealth insurance on the dependent for the past three years. Pay any
    outstanding medical bills and [s]chool fees."

¶ 7     On August 13, 2018, Carrie filed a motion seeking additional discovery from Brian, namely: proof of life insurance, proof of health insurance, all checking account statements from August 2016-18, records for advertising expense on tax returns, tax write off for 2005 Ford truck, information on settlement from car accident lawsuit, and information regarding the status of Brian's driver's license.

¶ 8     On August 7, 2018, the trial court ordered the parties to "exchange requests for additional discovery within 7 days [and] comply with requests by [August 24, 2018.]"

¶ 9     On September 25, 2018, the trial court ordered Brian to "make all reasonable efforts to reinstate his life insurance as previously ordered in the Judgment [and] to produce his personal and business statements retroactive to August 2016."   The court continued the case for hearing on all pending motions to November 19, 2018, at 1:30 p.m.

¶ 10    On November 16, 2018, Brian's counsel, Teresa McAdams, filed a motion for a seventh continuance, stating that she was unable to appear on November 19 because she was "required to appear for a scheduled Secretary of State hearing in Chicago."   McAdams attached an affidavit to her motion verifying the contents of the motion.   The motion was noticed for hearing on November 19, 2019, at 11 a.m. "or as soon thereafter as counsel may be heard."

¶ 11    On November 19, at 1:30 p.m. only Carrie was present before the court.   The trial court stated:

"Mr. Cosgrove does not appear.   I am aware that Mr. Cosgrove filed a motion for a continuance.   It's file stamped November 16th.

It was noticed for hearing on November 19th, this morning at 11 o'clock. However, nobody appeared.   I was here at 11 o'clock."

The court also stated that it had "reviewed the file in preparation of this afternoon, and I note for the record here that this case has been set for hearing six times. It was set for hearing on January 23rd, April 20th, May 15, August 7th, September 25th, and then finally to today's date and time. I am not inclined to continue this any further. Are you [Carrie] ready to proceed?" Carrie replied, "Sure." In response to the court's questions, Carrie told the court that Brian failed to provide his personal and business statements. The court stated that it previously ordered Brian to give Carrie his W-2's and asked if Brian had complied. Carrie replied, "No." Carrie also told the court that she had not received a copy of Brian's health insurance card as ordered by the court.

¶ 12    The court then asked Carrie what she wanted the court to do regarding Brian's motion to modify child support. Carrie stated that she did not "want to reduce child support, because I know there's more to it." Carrie told the court that Brian had not been paying the full amount owed per the MSA for some time. The trial court then ruled that "Brian's January 16th motion to modify child support is denied." The trial court's written order provides:

> "Brian Cosgrove and his counsel fail[ed] to appear; further no one appeared at 11:00 relative to the 11-16-18 motion to continue.
>
> It is hereby ordered:
>
> (1) Brian's motion to modify child support is denied.
>
> (2) [A]s of 11-16-18 Brian's support arrearage is $9,363.00.
>
> (3) Carrie withdraws her request for orthodontic expenses due to Brian's failure to provide information to litigate that issue."

(4) Carrie's request for secondary school expenses is denied; court finds no order exists requiring [Brian] to contribute the same and the court has not authority to order that relief retroactively; contribution to secondary (future) education expenses.

(5) § 513 expenses [are] withdrawn pending further investigation of amounts charged and paid.

(6) Carrie's motion for medical expenses is granted in part. Court finds Brian owes 50% of [Carrie's] exhibits B, C, D, E, H, & I totaling $1,147.00 and this sum is added to arrearage above in par. 2.

(7) Brian's outstanding arrearage for child support and medical bills is found to be $9,937.80 as of 11-16-18.

(8) both parties shall have the right to petition for medical expenses inured to date not specifically addressed by this order."

¶ 13    On November 30, 2018, Brian filed a motion to reconsider the court's order entered of November 19, 2018. The motion argued that the court "should reconsider its Order of November 19, 2018, and reduce [Brian's] child support obligation based upon the current statute, for the parties' one (1) remaining minor child, C.B.C., age 14." On December 7, the court denied Brian's motion to reconsider, but it granted Brian leave to file "an amended or new motion to amend child support."

¶ 14    On December 17, 2018, Brian filed an amended motion to modify child support alleging that since the entry of the judgment of dissolution of marriage, "there has been a substantial change in circumstances in that the parties' oldest child, T.K.C. graduated high school in May 2012 and turned 18 years of age on July 13, 2012 and in now emancipated." Brian sought an order

modifying his child support obligation for the parties' one remaining minor child *"retroactive to July 13, 2012, or the filing of the motion*." (Emphasis added.)

¶ 15    On May 2, 2019, during the hearing on Brian's amended motion, the court heard testimony and admitted evidence. Thereafter, Brian's counsel, McAdams, argued that the trial court should modify child support retroactive to December 17, 2018, or, in the alternative, to the date of the filing of Brian's original motion to modify. McAdams argued that it was not Brian's fault the she was not present for her motion to continue, because "we had done an order of protection that morning, and somehow that motion to continue slipped my mind before – because we went well into the lunch hour getting that order of protection. And that afternoon I had to be in Chicago." Carrie argued that she had paid various unreimbursed expenses for T.K.C. including school expenses and medical and automobile insurance costs.

¶ 16    The trial court found that the emancipation of T.K.C. was a substantial change in circumstances. As to retroactivity the court stated that there was "some uncertainty about the extent to which Carrie was continuing to pay additional expenses for the emancipated child *** [s]o I think that somewhat ameliorates Brian's equitable argument for retroactive application of the adjustment to January." The trial court granted Brian's motion to modify child support, retroactive to December 17, 2018, in the amount of $866 each month. The court found that Brian's net yearly income was $89,893 and that the amount of arrearage was $12,550.95, "amending" the court's order of November 19, 2018.

¶ 17    On May 24, 2019, Brian filed a petition for relief from judgment entered December 7, 2018, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 West 2018)). Brian sought an order vacating the court's December 7, 2018, order and an order for the

modification of child support to be retroactive to January 16, 2018, the date he filed his original motion to modify.

¶ 18    On June 3, 2019, the trial court denied Brian's 2-1401 petition.   The written order states:

"This cause coming before the Court, the Court being fully advised in the premises

***

IT IS HEREBY ORDERED:

Petition for Relief from Judgment Entered December 7, 2018 is denied for reasons stated in the record."

¶ 19    On June 25, 2019, Brian filed a notice of appeal, listing the following dates of orders or judgments: November 19, and December 7, 2018, and May 2, 2019.

¶ 20                                II. ANALYSIS

¶ 21                          A. Motion for Continuance

¶ 22    Brian argues that the trial court erred by denying his motion for a continuance.   It is well settled that litigants do not have an absolute right to a continuance, and the grant or denial of a motion for a continuance lies in the sound discretion of the trial court.   *Somers v. Quinn*, 373 Ill. App. 3d 87, 96 (2007).   An abuse of discretion occurs where the trial court's decision is arbitrary, fanciful, unreasonable, or where no reasonable person would agree with the position taken by the trial court.   *LaRocque*, 2018 IL App (2d) 160973, ¶ 94.   Illinois Supreme Court Rule 231(f) (eff. Jan. 1, 1970) provides that "[n]o motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay."   "Once the case reaches the trial stage, the party seeking a continuance must provide the court with 'especially grave reasons' for the continuance because of the potential inconvenience to the witnesses, the parties, and the court."   *K & K Iron Works, Inc. v. Marc Realty, LLC*, 2014 IL App

(1st) 133688, ¶ 23 (quoting *In re Marriage of Ward*, 282 Ill. App. 3d 423, 430-31 (1996)). We review the trial court's decision to deny a motion for a continuance for an abuse of discretion, the most deferential standard of review. *Id.* The decisive factor is whether that litigant has exercised due diligence in proceeding with the case. *Somers v. Quinn*, 373 Ill. App. 3d 87, 96 (2007).

¶ 23 Here, Brian contends that he was diligent in proceeding with his motion to modify child support. However, the record indicates otherwise. The trial court indicated that much of the delay in proceeding to a hearing on Brian's motion to modify was caused by Brian's failure to provide discovery ordered by the court. Nothing in this record contradicts the trial court's statement. Further, Brian has failed to indicate that he or McAdams provided the court with "especially grave reasons" that would mandate a continuance. See *K & K Iron Works, Inc.*, 2014 IL App (1st) 133688, ¶ 23. To the contrary; at the September 25, 2018, court date the court set the hearing for November 19, at 1:30 p.m., and nothing in the record indicates that McAdams stated that she had a conflict with that date. Yet almost eight weeks after the hearing was set, McAdams moved to continue because she was "required to appear for a scheduled Secretary of State hearing." McAdams filed a notice of motion indicating that her motion to continue would be heard on November 19 at 11:00 a.m. However, neither McAdams nor Brian appeared. Thus, we cannot say that the trial court abused its discretion by denying Brain's motion for a continuance. In addition, because the trial court subsequently permitted Brian to file an amended motion to modify child support and it held a hearing on the motion, Brian has failed to establish that the court's denial of his motion to continue was an abuse of discretion.

¶ 24 Brian cites *Rutzen v. Pertile*, 172 Ill. App. 3d 968 (1988), in support of his position that the trial court abused its discretion by denying a continuance. In *Rutzen*, the court held it was an

abuse of discretion to deny a short continuance (approximately one hour) to the defendant, who was late arriving at trial due to an airplane delay and inclement weather. *Rutzen* is distinguishable from this bar because there the requested continuance would have extended the trial only one hour, rather than days or weeks as in the instant case.

¶ 25                                B. Motion to Reconsider

¶ 26    Brian contends that the trial court erred by failing to grant his motion to reconsider the trial court's judgment entered November 19, 2018, denying his original motion for modification of child support.    For the first time on appeal, Brian contends that prior to November 19, 2018, he had been diligent in proceeding with his motion to modify child support.    Also, for the first time on appeal, Brian contends that the trial court was incorrect when it stated that the matter had been set for hearing on January 23rd, April 20th, May 15th, August 7th, and September 25th.    Without citation to the record, Brian states that he was not the sole cause of the delays; rather, Carrie failed to appear on two occasions, Carrie requested two continuances, and two continuances were by agreement.    We determine that Brian has forfeited this issue, as he failed to raise these arguments in his motion to reconsider.    Issues not raised in the trial court are deemed forfeited and may not be raised for the first time on appeal.    *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996).

¶ 27    In addition, Brian's motion to reconsider has no merit.    The purpose of a motion to reconsider is to bring to the trial court's attention newly discovered evidence, changes in existing law, or errors in the application of law.    See *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36.    Yet Brian presented none of these arguments in his motion before the trial court. Rather, Brian merely repeated the same allegations contained in his motion to modify child support: that his oldest child was 24-years old and that Brian was paying in excess of the statutory amount of child support.    We note that Brian has failed to provide a reporter's transcript,

bystander's report, or agreed statement of facts (See Ill. S. Ct. R. 323 (eff. July 1, 2017)) of the hearing on Brian's motion to reconsider. Under these circumstances, "a reviewing court presumes that the trial court's order conformed to the law and had a sufficient factual basis." *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 9. Additionally, any doubts arising from the incompleteness of the record will be resolved against the appellant. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). "In the absence of a report of proceedings, particularly when the judgment order states that the court is fully advised in the premises, a reviewing court 'will indulge in every reasonable presumption favorable to judgment, order or ruling from which an appeal is taken' and must presume that the evidence heard by the trial court was sufficient to support the judgment absent any contrary indication in the record." *Dell'Armi Builders, Inc. v. Johnston*, 172 Ill. App. 3d 144, 149-50 (1988) (quoting *In re Pyles*, 56 Ill. App. 3d 955, 957 (1978)). Absent a complete record, we presume that the trial court's decision conformed with the law and had a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 391-92. Therefore, we cannot say that the trial court abused its discretion by denying Brian's motion to reconsider. See *Robidoux v. Oliphant*, 201 Ill. 2d 324, 347 (2002) ("A ruling on a motion to reconsider is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion").

¶ 28                          C. Section 2-1401 Petition

¶ 29    Brian argues that the trial court erred by denying his section 2-1401 petition for relief seeking to vacate the trial court's judgment denying his motion to reconsider. However, we do not have jurisdiction to entertain an appeal of the court's June 3, 2019, denial of Brian's 2-1401 petition.

¶ 30    This court has a duty to examine its own jurisdiction before considering the merits of an appeal. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010). "The filing of a

notice of appeal is a jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). Illinois Supreme Court Rule 303(b)(2) (eff. July 1, 2017) requires that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court. Thus, under Illinois Supreme Court Rule 303(b)(2) we lack jurisdiction to review judgments or parts of judgments not specified in or inferred from the notice of appeal. *Bayview Loan Servicing, LLC v. Szpara*, 2015 IL App (2d) 140331, ¶ 25. However, "'[an] unspecified judgment is reviewable if it is a "step in the procedural progression leading" to the judgment specified in the notice of appeal.'" *U.S. Bank National Ass'n v. Luckett*, 2013 IL App (1st) 113678, ¶ 13 (quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979)).

¶ 31 Brain's notice of appeal lists three specific orders from which they appeal: the November 19, 2018, order, in which the court denied his motion to continue and dismissed his motion to modify child support; the December 7, 2018, order in which the court denied his motion to reconsider the aforementioned orders; and the May 2, 2019 order in which the court granted his amended motion to modify child support. Brian's notice of appeal does not mention the trial court's June 3, 2019, denial of his 2-1401 petition, and it was not a step in the procedural progression leading to any judgment specified in his notice of appeal. Rather, a section 2-1401 petition, though filed in the same court where the original proceeding took place, is itself a separate proceeding—a collateral attack on the original proceeding—and not a continuation of the original proceeding. *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 25. Accordingly, the trial court's denial of Brian's 2-1401 petition is not properly before us on appeal.

¶ 32 For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 33 III. CONCLUSION

¶ 34    The judgment of the circuit court of Kendall County is affirmed.

¶ 35    Affirmed.