# Illinois Official Reports

## Appellate Court

---

### *Deutsche Bank National Trust Co. v. Puma*, 2016 IL App (1st) 153513

---

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for IMPAC Secured Assets Corporation, Series 2006-3, Plaintiff-Appellee, v. DAVID I. PUMA; LUZ PUMA a/k/a Luz M. Puma; THE CITY OF CHICAGO; UNKNOWN HEIRS AND LEGATEES OF DAVID I. PUMA, IF ANY; UNKNOWN HEIRS AND LEGATEES OF LUZ PUMA, IF ANY; and UNKNOWN OWNERS and NON-RECORD CLAIMANTS, Defendants (David Puma and Luz Puma, Defendants-Appellants). |
| District & No. | First District, First Division<br>Docket No. 1-15-3513 |
| Filed<br>Rehearing denied | September 30, 2016<br>October 26, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 12-CH-25029; the Hon. Anna M. Loftus, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas M. Cassady, of Wirbicki Law Group, LLC, of Chicago, for appellants.<br><br>Bardia Fard, of The Law Center, LLC, of Chicago, for appellee. |

JUSTICE MIKVA delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Harris concurred in the judgment and opinion.

## OPINION

¶ 1     In July 2012, plaintiff Deutsche Bank National Trust Co. (Deutsche Bank) filed a complaint for foreclosure against, among others, defendants David Puma and Luz Puma (the Pumas). In June 2014, the Cook County circuit court granted summary judgment in favor of Deutsche Bank and against the Pumas and entered a judgment of foreclosure and sale. The court confirmed the sale of the subject property in November 2015. On appeal, the Pumas contend that the circuit court improperly awarded possession of the subject property to Deutsche Bank in its order confirming the sale of the property when the Pumas were not listed in the complaint as persons whose right to possess the subject property was sought to be terminated. For the following reasons, we affirm.

¶ 2                                       BACKGROUND

¶ 3     On July 6, 2012, Deutsche Bank filed its complaint to foreclose mortgage against the Pumas, unknown heirs and legatees, unknown owners and nonrecord claimants, and the City of Chicago, pursuant to the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2012)). In the complaint, Deutsche Bank alleged that, on September 19, 2006, the Pumas executed a mortgage for the property commonly known as 2551 West Farwell Avenue in Chicago, Illinois. Deutsche Bank alleged that it was the owner and legal holder of the note, mortgage, and indebtedness by virtue of an assignment of the mortgage. Deutsche Bank stated that the Pumas had failed to make payments on the loan since August 1, 2011, and, at the time the complaint was filed, had an unpaid principal balance of $596,403.77.

¶ 4     Deutsche Bank made several requests for relief, including a judgment of foreclosure and sale; a judgment for attorney fees, costs, and expenses; and an order approving the sale and "granting possession."

¶ 5     The mortgage and note were both attached to the complaint. The mortgage was signed by both of the Pumas, and the note was signed by David Puma only. The assignment of mortgage was also attached to the complaint, showing that the subject mortgage and note were assigned to Deutsche Bank on August 1, 2009.

¶ 6     The Pumas filed a *pro se* answer to Deutsche Bank's complaint on August 3, 2012. In it, the Pumas alleged that they did not "own [*sic*] anything to this bank" and that "[a]ccording to the documents [they] own [*sic*] to Impac." This was apparently a reference to IMPAC Funding Corporation, the original lender.

¶ 7     Deutsche Bank filed two motions for summary judgment against the Pumas. The first was filed on January 15, 2013, but was later withdrawn without prejudice by an agreed order. The second was filed on October 15, 2013. Both motions alleged that Deutsche Bank was entitled to summary judgment as a matter of law because the Pumas had failed to raise any issue of material fact in their answer. On January 14, 2014, Deutsche Bank filed a motion for judgment of foreclosure and sale and a motion to appoint a selling officer.

¶ 8        The circuit court granted summary judgment in favor of Deutsche Bank and against the Pumas on June 3, 2014, and entered a judgment of foreclosure and sale the same day. In the judgment, the court specifically ordered that the mortgagor would have possession of the property until the sale was confirmed but that, upon the confirmation of sale, the mortgagor "shall surrender possession thereof to such purchaser."

¶ 9        Deutsche Bank filed its motion to approve the report of sale and distribution, and for an order of possession on June 17, 2015. According to the report, the subject property was sold to Deutsche Bank as the highest bidder for $697,680.65, and the total amount due the bank at that point was $704,300.29.

¶ 10        The following day, the Pumas, now represented by counsel, filed a motion to reconsider the circuit court's orders of June 3, 2014. In the motion, the Pumas made several arguments, including the one that they make on appeal, that the complaint did not plead the "names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated" as set out in the Foreclosure Law form foreclosure complaint (735 ILCS 5/15-1504(a)(3)(T) (West 2012)). On October 5, 2015, the trial court issued a written opinion denying the motion to reconsider as untimely and lacking merit.

¶ 11        On November 10, 2015, the circuit court granted Deutsche Bank's motion of June 17, 2015, entering an order approving the report of sale and distribution, confirming the sale of the property, and ordering possession in favor of the successful bidder, Deutsche Bank.

¶ 12                               JURISDICTION

¶ 13        The Pumas timely filed their notice of appeal in this matter on December 9, 2015. This court has jurisdiction pursuant to Illinois Supreme Court Rules 301 and 303 governing appeals from final judgments entered by the circuit court in civil cases. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. Jan. 1, 2015).

¶ 14                                 ANALYSIS

¶ 15        The only issue raised in this appeal, which was also raised in the Pumas' motion to reconsider the judgment of foreclosure and summary judgment order, is that the complaint was deficient in failing to specifically name the Pumas as persons whose right to possess the mortgaged real estate was sought to be terminated.

¶ 16        Section 15-1504(a) of the Foreclosure Law provides a general form for a foreclosure complaint. 735 ILCS 5/15-1504(a) (West 2012). A plaintiff is not required to follow the form precisely; rather, the section provides that a "foreclosure complaint *may* be in *substantially* the following form." (Emphases added.) *Id.* One of the form allegations, set out in subsection 15-1504(a)(3)(T), is the "[n]ame or names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof." 735 ILCS 5/15-1504(a)(3)(T) (West 2012).

¶ 17        The Pumas' contention on appeal is that the allegations in Deutsche Bank's complaint were insufficient to support an award of possession against them because it did not include the "material allegations required" by section 15-1504(a)(3)(T), naming the Pumas as defendants "whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated" and, as a result, the circuit court abused its discretion by making such an award in its order confirming the sale.

¶ 18    Deutsche Bank acknowledges that its foreclosure complaint did not include the precise language of section 15-1504(a)(3)(T) but argues that its substantial compliance with the form pleading set out in section 15-1504(a) and its complaint as a whole were sufficient to allege a right to possession against the Pumas. We agree.

¶ 19    In determining the sufficiency of a complaint, "we must liberally construe [the] pleading in order to do substantial justice between the parties (735 ILCS 5/2-603(c) (West 2010)), and we must consider the exhibits attached to the complaint, as they are considered part of the complaint for all purposes." *MB Financial Bank, N.A. v. Allen*, 2015 IL App (1st) 143060, ¶ 27. We note that the very nature of a foreclosure action contemplates the termination of a mortgagor's interest in the mortgaged property. See Black's Law Dictionary 658 (7th ed. 1999) (defining a "foreclosure" as "[a] legal proceeding to terminate a mortgagor's interest in property, instituted by the lender (the mortgagee) either to gain title or to force a sale in order to satisfy the unpaid debt secured by the property"); *id.* (defining "mortgage foreclosure" as "[a] foreclosure of the mortgaged property upon the mortgagor's default"). The Foreclosure Law itself provides that "the interest [of the] real estate of *** all persons made a party in such foreclosure *** *shall* be terminated by the judicial sale of the real estate, pursuant to a judgment of foreclosure, provided the sale is confirmed in accordance with this Article." (Emphasis added.) 735 ILCS 5/15-1404 (West 2012).

¶ 20    Subsection 15-1504(b) of the Foreclosure Law specifically provides that a complaint for foreclosure "need contain only such statements and requests called for by the form set forth in subsection (a) *** as may be appropriate for the relief sought." 735 ILCS 5/15-1504(b) (West 2012). Here, Deutsche Bank's complaint identified the Pumas as the mortgagors and owners of the real estate. This allegation, alone, was sufficient to identify the Pumas as parties whose interest in the property would be terminated by the judicial sale of the property. The allegation was further supported by the attachment of the mortgage to the complaint, which showed that both of the Pumas signed the mortgage and that the mortgage itself gave the mortgagee the right to foreclose and sell the property. Deutsche Bank also specifically requested an order of possession as a form of relief in its complaint. The complaint substantially complied with section 15-1504(a) and was, therefore, more than sufficient to support a request for an order of possession against the Pumas as a form of relief.

¶ 21    The Pumas nonetheless argue that if a plaintiff fails to include the precise language of section 15-1504(a)(3)(T) in its complaint, then the circuit court may not enter an award of possession. They rely on section 15-1504(c)(12) of the Foreclosure Law, which provides as follows:

> "[T]he purchaser at the sale will be entitled to full possession of the mortgaged real estate against the parties named in clause (T) of paragraph (3) of subsection (a) of Section 15-1504 or elsewhere to the same effect; the omission of any party indicates that plaintiff will not seek a possessory order in the order confirming sale unless the request is subsequently made under subsection (h) of § 15-1701 or by separate action under Article 9 of this Code." 735 ILCS 5/15-1504(c)(12) (West 2012).

¶ 22    With particular reliance on the phrase "the omission of any party indicates that plaintiff will not seek a possessory order in the order confirming the sale," the Pumas claim that, having failed to include the precise language of subsection (a)(3)(T) in its complaint, Deutsche Bank was precluded from seeking a possessory order as part of the foreclosure proceeding. According to the Pumas, the only "mechanism for [Deutsche Bank] to obtain the possession of

- 4 -

the Property after confirmation of the sale was by a separate petition" pursuant to section 15-1701 of the Foreclosure Law or article 9 of the Code, which is the Forcible Entry and Detainer Act (Detainer Act) (see 735 ILCS 5/9-101 *et seq.* (West 2012)). We disagree.

¶ 23 When looking at the language of a statute, the fundamental rule is to "ascertain and give effect to the intent of the legislature." *Hendricks v. Board of Trustees of the Police Pension Fund*, 2015 IL App (3d) 140858, ¶ 14. "If the statutory language is clear and unambiguous, it must be applied as written." *Id.*

¶ 24 Just before the phrase the Pumas rely on, subsection (c)(12) states that "the purchaser at the sale will be entitled to full possession of the mortgaged real estate against the parties named in [subsection (a)(3)(T)] of Section 15-1504 *or elsewhere to the same effect*." (Emphasis added.) 735 ILCS 5/15-1504(c)(12) (West 2012). Although Deutsche Bank did not name the Pumas as persons whose right to possession the bank sought to terminate under subsection (a)(3)(T), it did name them as mortgagors and the owners of the real estate. This fits into the plain meaning of naming parties "elsewhere to the same effect" as required by subsection (c)(12). Therefore, the Pumas were not omitted parties within the meaning of that subsection, and their argument to the contrary is without merit.

¶ 25 The Pumas' suggestion that Deutsche Bank was required to bring a separate proceeding under section 15-1701 of the Foreclosure Law or under the Detainer Act completely misperceives the nature of the protection the Foreclosure Law provides for tenants and other occupants who are not mortgagors. Under the Foreclosure Law, "lawful occupants of foreclosed properties cannot be removed except by [Detainer Act] proceedings or unless they were made a party to foreclosure proceedings." *Fifth Third Mortgage Co. v. Foster*, 2013 IL App (1st) 121361, ¶ 11. Section 15-1701(h) of the Foreclosure Law provides a mechanism, outside of the Detainer Act, in which a purchaser of foreclosed property, up to 90 days after the date of the order confirming the sale, can file a supplemental petition for possession against a person not personally named as a party to the foreclosure. 735 ILCS 5/15-1701(h) (West 2012). There is no need for those separate proceedings here, where this entire foreclosure case grew out of the Pumas' mortgage.

¶ 26 Deutsche Bank's complaint substantially complied with the form in section 15-1504(a), and, as the purchaser of the subject property at the judicial sale, Deutsche Bank was statutorily entitled to possession of the subject property. Accordingly, the Pumas have failed to show that the circuit court erred in awarding possession of the subject property to Deutsche Bank in its order confirming the sale.

¶ 27 CONCLUSION

¶ 28 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 29 Affirmed.