# Illinois Official Reports

## Appellate Court

---

### *Pennymac Corp. v. Jenkins*, 2018 IL App (1st) 171191

---

| | |
|---|---|
| Appellate Court Caption | PENNYMAC CORPORATION, Plaintiff-Appellee, v. CLARENCE JENKINS and UNKNOWN OCCUPANTS, Defendants (Clarence Jenkins, Defendant-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-17-1191 |
| Filed | May 11, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M1-719605; the Hon. David A. Skryd, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Margaret A. Lundhal, of Chicago, for appellant.<br><br>Melissa E. Manning and Rebekah A. Childers, of Akerman, LLP, of Chicago, for appellee. |
| Panel | JUSTICE CONNORS delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Cunningham concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant Clarence Jenkins (Jenkins) appeals the trial court's order granting summary judgment in favor of plaintiff Pennymac Corp. (Pennymac) in the instant forcible entry and detainer action. On appeal, Jenkins asserts that the trial court erred when it allowed Pennymac to be substituted as plaintiff and subsequently granted summary judgment because amending the complaint did not correct the defective notice of intent that listed another entity as plaintiff. We find that the trial court properly granted summary judgment and affirm.

¶ 2                                 I. BACKGROUND

¶ 3     This forcible entry and detainer action follows a foreclosure on the property at 1041 East 168th Street in South Holland (property). The foreclosure action was brought in Cook County circuit court under case number 09 CH 31971 against the mortgagor of the property, which was Jenkins's wife Bertina Jenkins. On January 27, 2014, an "Order Approving Report of Sale and Distribution, Confirming Sale and Order of Possession" was entered, granting possession to Bank of America, N.A., who was "the successful bidder" at the judicial sale. On April 1, 2014, a judicial sale deed was recorded with the Cook County Recorder of Deeds, conveying the property to "Citibank, N.A. as Trustee for CMLTI Asset Trust" (Citibank). On March 10, 2016, Citibank conveyed the property to Pennymac via quitclaim deed, and said deed was recorded on August 16, 2016.

¶ 4     On September 17, 2016, Jenkins was personally served at the property with a "Notice of Intent to File Forcible Entry and Detainer Action and Demand for Possession" (notice/demand). The notice/demand was dated September 8, 2016, and was signed by Matthew Gruca of "Pierce & Associates, P.C. Attorney for Plaintiff." On October 31, 2016, a complaint for foreclosure-related eviction was filed against Jenkins, with the plaintiff listed as "Citibank N.A. As Trustee for CMLTI Asset Trust." Jenkins was served with the complaint by the Cook County Sheriff's Office on November 5, 2016, and filed his appearance on November 15, 2016. Also on November 15, 2016, the original judge to whom this matter was assigned recused himself.

¶ 5     On November 22, 2016, Jenkins was granted seven days to file his answer or otherwise plead to the complaint. On November 29, 2016, Jenkins filed a motion to dismiss under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2014)), contending that Citibank lacked standing to sue because it had conveyed the property to Pennymac via quitclaim deed on March 10, 2016. Thereafter, Citibank filed its response to Jenkins's motion to dismiss, acknowledging that filing the instant action with Citibank listed as plaintiff was "in error." The response further stated that Citibank was also filing a motion to amend its complaint and that said amendment would cure the issue of misnomer. Citibank argued that Illinois law recognized a difference between misnomer and mistaken identity and that this case involved misnomer, which is governed by section 2-401(b) of the Code (*id.* § 2-401(b)). Citibank further contended that allowing it to amend the complaint would be more efficient than requiring it to start the action anew. Also on November 29, 2016, Citibank filed a motion for leave to file amended complaint. However, the notice of motion stated that the motion would be presented in courtroom 1408, which was the courtroom of the judge who had previously recused himself from the case.

¶ 6        Recognizing its error, Citibank refiled its motion for leave to file an amended complaint on December 15, 2016, asserting that "Plaintiff's attorney inadvertently filed the Complaint naming Plaintiff owner as Citibank N.A. as Trustee for CMLTI Asset Trust" and that amending the complaint to name Pennymac, the actual owner of the property, would not cause any prejudice to Jenkins. Jenkins did not file a response to the motion to amend.

¶ 7        On December 20, 2016, the court ordered as follows: "Defendant's Motion to Dismiss is denied. Plaintiff's Motion for Leave to File Amended Complaint is granted. Plaintiff is granted leave to file Amended Complaint instanter. Defendant is granted through [January 4, 2017,] to answer or otherwise plead." It is unclear whether the court heard oral argument on the motions because the record on appeal does not contain a report of proceedings from that date. The amended complaint was filed on December 20, 2016, and listed "Pennymac Corp." as the plaintiff.

¶ 8        On January 17, 2017, Jenkins filed his answer to the amended complaint and two affirmative defenses. Jenkins pled his affirmative defenses as follows:

> "1. Plaintiff has not complied with the requirement of 735 ILCS 5/15-1703 for notice.
>
> 2. The notice of intent is not sufficient as a matter of law, since Citibank had no right to possession. While the name of the owner is not required, the name of a non-owner is not equivalent. *United States Bank Nat'l Ass'n v. Luckett*, 2013 IL App (1st) 113678 at Par. 29. The notice here is not sufficiently similar to the notice."

¶ 9        On March 7, 2017, Pennymac filed a motion for summary judgment. Pennymac's motion asserted that its notice/demand was proper and that it properly served the notice/demand on Jenkins. Pennymac stated that it was undisputed that Jenkins was personally served with the notice/demand, that he had no right to possession superior to Pennymac's right, and that he failed to vacate the property upon receipt of the notice/demand. Pennymac recognized that the notice/demand served on Jenkins erroneously listed the property's previous owner, Citibank, as the plaintiff, but argued that did not render the notice/demand defective because it adequately informed Jenkins of the property owner's intent to file the instant forcible entry and detainer action.

¶ 10       On March 28, 2017, Jenkins filed his opposition to Pennymac's motion for summary judgment and a cross-motion for summary judgment. Jenkins asserted that although Pennymac filed an amended complaint listing the proper plaintiff, the defective notice/demand that listed Citibank as plaintiff was still attached as an exhibit to the amended complaint. Jenkins further argued that the notice/demand here was not brought in the name of the party entitled to possession and, thus, summary judgment in favor of Pennymac would not be proper. Contrarily, Jenkins contended, "[b]ecause there is no question that the required notice did not name the party entitled to possession, Defendant Jenkins is entitled to summary judgment as a matter of law." Attached to Jenkins's opposition was his unnotarized affidavit dated March 25, 2017. Jenkins's affidavit stated that he and his wife had been negotiating with Pennymac for two years and that "[w]e were puzzled when we received a notice from Citibank because the mortgage was with Bank of America and Pennymac was our contact." Jenkins further attested that he called Pennymac, who confirmed it was the owner of the property but could not provide any information about the notice.

¶ 11       On April 17, 2017, the trial court granted Pennymac's motion for summary judgment in an order that stated:

"This cause coming to be heard on Plaintiff's motion for summary judgment, counsel for Plaintiff and Defendant present, the court finding that any issue regarding the notice served on September 17, 2016 that included the name of the plaintiff in the first complaint filed October 31, 2016 was cured by the filing of the amended complaint on December 20, 2016, as there was no dispute that the notice was served on Defendant Jenkins, and that the notice complied with 735 ILCS 5/9-104 and 735 ILCS 5/9-102, the court having heard argument, it is ordered:

    1. Plaintiff's motion for summary judgment is granted and

    2. Plaintiff is granted an order for possession by separate order."

A separate order for possession was also entered on April 17, 2017.

¶ 12    Jenkins filed his timely notice of appeal on May 10, 2017. The section of the notice of appeal describing the judgment appealed from stated that the judgment was entered on April 17, 2017, and "Relief sought from Reviewing Court: Vacate Grant of Summary Judgment."

¶ 13                              II. ANALYSIS

¶ 14    Jenkins raises the following three arguments on appeal: (1) the trial court erred in granting substitution of plaintiff, (2) the notice given to Jenkins was not in conformity with the Forcible Entry and Detainer Act, and (3) the trial court erred in granting summary judgment in favor of Pennymac. We address each in turn.

¶ 15                       A. Substitution of Plaintiff

¶ 16    Jenkins first argues that the trial court erred when it granted the motion of then-named plaintiff Citibank to amend the complaint. Pennymac responds that Citibank's motion to amend is not subject to review because the order granting leave to amend was not specified in the notice of appeal and, even if this court had jurisdiction, Jenkins "waived" review by failing to object to the motion to amend in the trial court.

¶ 17    Illinois Supreme Court Rule 303(b)(2) (eff. Jan. 1, 2015) provides that the notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." "The purpose of the notice of appeal is to inform the prevailing party that the other party seeks review of the trial court's decision." (Internal quotation marks omitted.) *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011). Further, "[a] notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts of judgments specified in the notice of appeal." *Id.* However, " 'the unspecified judgment is reviewable if it is a "step in the procedural progression leading" to the judgment specified in the notice of appeal.' " *U.S. Bank National Ass'n v. Luckett*, 2013 IL App (1st) 113678, ¶ 13 (quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979)).

¶ 18    We find this case similar to the facts presented in *James v. SCR Medical Transportation, Inc.*, 2016 IL App (1st) 150358, ¶ 34. In *James*, one of the defendants argued that due to a defect in the plaintiff's notice of appeal, the court lacked jurisdiction to review the order that disposed of the second amended complaint and dismissed the defendant at issue as a party. *Id.* ¶ 32. Specifically, the defendant argued that the order dismissing it was entered on May 30, 2014, but the notice of appeal only referenced the January 12, 2015, order that dismissed the third amended complaint. *Id.* The court disagreed with the defendant because the plaintiff incorporated by reference the previous iterations of its complaint into the third amended

complaint and thus preserved the arguments as to the dismissal of the counts regarding the defendant at issue. *Id.* ¶ 33. The court noted that "[a] notice of appeal is to be liberally construed and unless it contains a defect that is both prejudicial and substantive, an appellant's failure to comply with the established form of notice will not be fatal to his appeal." *Id.* ¶ 34. The court noted that the defendant never argued it was prejudiced by the notice of appeal. *Id.* Specifically, the appellate court recognized that the defendant had previously presented it with a motion to dismiss based on the notice of appeal that was denied without prejudice and, as a result, the defendant at issue was able to present a brief containing substantive argument and thus did not suffer prejudice. *Id.*

¶ 19 Here, we find that although not expressly referenced in Jenkins's notice of appeal, the trial court's December 20, 2016, decision granting leave to file an amended complaint was a step in the procedural progression that led to the trial court granting summary judgment in favor of Pennymac. Pennymac did not file its motion for summary judgment until after the court allowed the complaint to be amended. Without the amendment, Pennymac would not have been able to seek summary judgment because it would not have been a party to this case. Further, the court's April 17, 2017, order granting summary judgment in favor of Pennymac expressly referenced the December 20, 2016, order when it stated that summary judgment was proper because any defect in the notice/demand served on Jenkins was "cured by the filing of the amended complaint on December 20, 2016." Thus, it is apparent that summary judgment would not have been granted without Pennymac having been granted leave to file an amended complaint.

¶ 20 Further, Pennymac does not argue that it would be prejudiced if we reviewed the court's order that allowed amendment of the complaint. In fact, as an alternative to its assertion that we lack jurisdiction to review the amendment of the complaint, Pennymac's response brief contains substantive argument as to why the trial court acted within its discretion to allow amendment of the complaint. Therefore, similar to the holding in *James*, we find that, because no prejudice would result to Pennymac and because the court's December 20, 2016, order assisted in the procedural progression of this case, we have jurisdiction to review whether the trial court erroneously allowed the complaint to be amended. Additionally, like in *James*, Pennymac has been able to supply this court with substantive argument on this issue.

¶ 21 However, even assuming we have jurisdiction to review the December 20, 2016, order, Pennymac further asserts that Jenkins is raising this argument for the first time on appeal and thus has "waived" review of that order. For clarity, we note that waiver is the intentional relinquishment of a known right, while forfeiture—which is likely what Pennymac intended to assert—applies when an issue is not raised in a timely manner. See *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2013 IL 110505, ¶ 26. Specifically, Pennymac asserts that Jenkins never filed an objection to the motion to amend and, thus, any arguments on this issue are unreviewable on appeal. "Generally, arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal." *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15.

¶ 22 Our review of the record indicates that Jenkins has raised for the first time on appeal the argument that Citibank should not have been granted leave to amend its complaint. In his reply brief, Jenkins asserts that he "did not respond to the motion to amend because it was presented and rolled up in the hearing on his motion to dismiss." Presumably, this means that Jenkins did not believe a response to the motion to amend was necessary because he had already filed a

motion to dismiss based on the same reasoning that he would have asserted in response to the motion. This argument fails where Jenkins's motion to dismiss was based on a lack of standing, which is not the same argument that Jenkins now makes on appeal regarding why the complaint should not have been amended. It is unclear if the trial court was even made aware that Jenkins opposed the amendment of the complaint. We find there is simply no evidence that Jenkins ever objected to Citibank seeking leave to amend the complaint. Not only did Jenkins fail to file a response to the motion for leave to amend, but after the motion for leave to amend was granted, Jenkins did not file a motion to reconsider. Further, Jenkins opted to answer the amended complaint and alleged affirmative defenses only regarding the notice/demand he received. Because the court's December 20, 2016, order granting Citibank leave to file an amended complaint does not state that the motion was granted over Jenkins's objection and because Jenkins did not present a transcript or other form of report of proceedings[1] from the court's hearing on December 20, 2016, we are unaware if Jenkins's counsel orally objected on that date. Ultimately, there is no evidence that Jenkins preserved this issue for review.

¶ 23 Notwithstanding Jenkins's forfeiture of this issue, we opt to address the merits. "Forfeiture *** is a limitation on the parties and not the reviewing court, and this court may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent." *Wilson v. Humana Hospital*, 399 Ill. App. 3d 751, 757 (2010). The issue of whether the trial court erroneously allowed the complaint to be amended is so closely related to the ultimate issue of whether summary judgment was proper, and thus, addressing the merits of the former assists in our acquisition of a just result.

¶ 24 Turning to the merits, Jenkins asserts that the trial court erred in granting substitution of plaintiff because this case does not involve misnomer, as there were two distinct entities that were named as plaintiffs, rather than one as is common in misnomer cases. Pennymac responds that the trial court acted within its discretion when it granted Citibank leave to amend regardless of whether misnomer or mistaken identity applies. "Whether to allow an amendment of a complaint is a matter within the sound discretion of the trial court, and absent an abuse of that discretion, the court's determination will not be overturned. [Citation.] An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court. [Citation.]" *Moore v. People for the Ethical Treatment of Animals, Inc.*, 402 Ill. App. 3d 62, 75 (2010).

¶ 25 Prior to determining whether the court abused its discretion, we must first decide whether Pennymac's act of misnaming itself as plaintiff in the complaint constitutes a misnomer or a mistaken identity. This distinction is important because, if this case involves a misnomer, which "is a mistake in name of the provision of an incorrect name," then section 2-401(b) of the Code (735 ILCS 5/2-401(b) (West 2014)) applies. See, *e.g.*, *Bristow v. Westmore Builders, Inc.*, 266 Ill. App. 3d 257, 260-61 (1994). Conversely, if this matter involves a mistaken identity, then section 2-616 of the Code governs. See, *e.g.*, *Todd W. Musburger, Ltd. v. Meier*, 394 Ill. App. 3d 781, 806 (2009); 735 ILCS 5/2-616 (West 2014). "The determination of whether a case involves a misnomer or a mistaken identity depends on the intent of the parties, but a plaintiff's subjective intent is not controlling in the face of objective manifestations indicating an intent to sue another." *Estate of Henry v. Folk*, 285 Ill. App. 3d 262, 264 (1996).

---

[1]We remind Jenkins that it is the burden of the appellant to provide a sufficiently complete record of circuit court proceedings. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 26     We first look to whether a misnomer is involved here. Section 2-401(b) of the Code states, "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2-401(b) (West 2014). Pennymac argues that the principles of misnomer apply because it was always its attorney's intention to bring the action in the name of the property's current title owner. Jenkins responds that this case does not involve misnomer because the plaintiff's name did not just contain a scrivener's error or another similarly minor error but, instead, the plaintiff was pled as an entirely different entity. We agree with Jenkins and find that misnomer does not apply here.

¶ 27     It is well settled that "[t]he vast majority of cases addressing misnomer have arisen in the context of misnamed, misidentified, or mischaracterized defendants," but the same rules apply for cases in which a plaintiff misnames itself. *Bristow*, 266 Ill. App. 3d at 261. In this case, Pennymac misnamed itself as Citibank in its own complaint; thus we are dealing with the rare situation where a plaintiff has erroneously self-identified in its complaint. We look to cases involving the misidentification of a plaintiff for instruction.

¶ 28     In *Bristow*, the plaintiff was a sole proprietor but sued in the name of a corporation. *Id.* The defendants argued that the complaint was a nullity because the corporate entity that was listed as the plaintiff did not exist. *Id.* at 259. The court rejected the defendants' argument, finding that a misnomer was involved because the parties were fully aware of the identity of the actual litigants, an actual plaintiff existed, and prejudice would not have resulted. *Id.* at 261-62. Similarly, in *Todd W. Musburger, Ltd.*, the plaintiff filed suit as "The Law Offices of Todd W. Musburger, Ltd." rather than as "Todd W. Musburger, Ltd.," which was its official corporate name. *Todd W. Musburger, Ltd.*, 394 Ill. App. 3d at 805-06. The court found that the facts of the case before it were "even more compelling for the application of the doctrine of misnomer than the facts in *Bristow*" because "an actual corporate plaintiff does, and at all relevant times did, exist." *Id.* at 808.

¶ 29     More recently in *Luckett*, this court determined that a misnomer occurred where the plaintiff listed itself in both its preeviction notice and complaint as "Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5" but its name was actually "U.S. Bank National Association, as Trustee for Credit Suisse First Boston HEAT 2005-5." *Luckett*, 2013 IL App (1st) 113678, ¶ 20. Basically, the abbreviation "U.S." was supposed to precede "Bank National Association" in the plaintiff's name but was omitted. On appeal, this court found that the circuit court had properly granted the plaintiff leave to amend its complaint where the variation in the plaintiff's name was minor and the defendant did not suffer any prejudice. *Id.* ¶ 23.

¶ 30     Here, the complaint was filed on October 31, 2016, and named "Citibank, N.A. as Trustee for CMLTI Asset Trust" as the plaintiff. However, the plaintiff should have been named as "Pennymac Corp." because Citibank had previously conveyed the property via quitclaim deed to Pennymac on March 10, 2016. Thus, the complaint listed the previous owner of the property, rather than the current owner. We find that this discrepancy is not as minor as a misnomer. Unlike the aforementioned cases that involved an incorrectly identified entity, the case before us involved two distinct entities, Citibank and Pennymac, not merely one entity that was incorrectly named. Although Citibank was the previous owner of the property and, thus, not entirely unrelated to this case, they are two entirely separate entities. We similarly find that the parties' intent is unclear. Pennymac argues that it was its intent to bring this action

in the name of the current owner of the property. Because Citibank was, in fact, a former owner of the property, Pennymac's subjective intent is unclear. It is possible, at the time the notice/demand was served and the complaint was filed, that counsel here was simply unaware that the property had been conveyed to Pennymac. Bringing the complaint in the name of Citibank, a former owner of the property, amounts to an objective manifestation of counsel's intent to sue another. As a result, we find the misnaming of the plaintiff here involves a mistaken identity, not a misnomer.

¶ 31 Having determined that this is not a misnomer case, we must next analyze whether the trial court abused its discretion in allowing Citibank leave to amend its complaint. As previously stated, section 2-616 of the Code applies to situations involving mistaken identity and states in part:

"At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross claim." 735 ILCS 5/2-616(a) (West 2014).

In determining "whether a trial court abused its discretion in ruling on a motion for leave to file an amended complaint, we consider the following factors: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleadings could be identified." (Internal quotation marks omitted.) *Moore*, 402 Ill. App. 3d at 75.

¶ 32 After consideration of these factors, we find that the trial court acted within its discretion when it allowed Citibank leave to file an amended complaint. First, we find that the proposed amendment cured the defective pleading. Allowing Pennymac to be substituted as the plaintiff cured the complaint's defect because Pennymac was the true owner of the property on the date of the complaint's filing. Although Jenkins stresses that amendment of the complaint did not cure the defect because the notice/demand attached to the complaint still listed Citibank as plaintiff, we reject such a contention for the reasons more fully set forth below. The second factor weighs in favor of amendment because Jenkins would not suffer any surprise or prejudice based on the substitution of Pennymac as plaintiff. The chain of title is undisputed and clear, as each transaction was recorded with the Cook County Recorder of Deeds. Citibank acquired the property following the judicial foreclosure sale. Thereafter, Citibank conveyed the property to Pennymac. Further, Jenkins was not surprised by the amendment since he was aware that Citibank was not the proper plaintiff, as evidenced through his motion to dismiss based on standing. Third, we find the amendment to be timely, where Citibank sought leave to amend its complaint less than two months after the complaint was filed. The fourth factor similarly weighs in favor of amendment because there is no indication that the motion for leave to amend could have been filed sooner. Here, Jenkins filed his motion to dismiss on November 29, 2016. It appears from the record that Citibank filed its motion for leave to file an amended complaint on the same date, November 29, 2016, but set it for hearing in the wrong courtroom. Thus, Citibank sought leave to correct its error nearly instantaneously with its discovery of the error. Further, Citibank refiled its motion to amend in the correct courtroom on December 15,

2016. Thus, even Citibank's motion to amend that listed the correct courtroom was only filed approximately two weeks after Jenkins filed his motion to dismiss. We find that no abuse of discretion occurred where all four factors heavily support the trial court's decision to grant Citibank leave to amend its complaint.

¶ 33                                    B. Notice/Demand Served on Jenkins

¶ 34    Next, Jenkins contends that allowing Pennymac to be substituted as the plaintiff did not cure any pleading defects because the notice/demand that was served upon Jenkins and attached as an exhibit to the complaint listed Citibank as the plaintiff.

¶ 35    We find it pertinent to first address Jenkins's argument that the notice/demand did not comply with the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1101 *et seq.* (West 2014)). Jenkins does not expound on this contention, but we presume he suggests the Foreclosure Law is applicable because the complaint in this case was filed as a complaint for foreclosure-related eviction. "Section 15-1701(h) of the Foreclosure Law provides a mechanism, outside of the Detainer Act, in which a purchaser of foreclosed property, up to 90 days after the date of the order confirming the sale, can file a supplemental petition for possession against a person not personally named as a party to the foreclosure." *Deutsche Bank National Trust Co. v. Puma*, 2016 IL App (1st) 153513, ¶ 25 (citing 735 ILCS 5/15-1701(h)(1) (West 2014)). Also relevant is section 15-1701(a) of the Foreclosure Law, which explains that "[t]he provisions of this Article shall govern the right to possession of the mortgaged real estate *during foreclosure*." (Emphasis added.) 735 ILCS 5/15-1701(a) (West 2014). We find that section 15-1701 of the Foreclosure Law is inapplicable where Citibank filed a separate action for forcible entry and detainer, rather than a supplemental petition in the foreclosure case. Additionally, the notice/demand was not served on Jenkins until September 17, 2016, which is well over 90 days from January 27, 2014, the date the confirmation of sale was entered. Therefore, we conduct our review according to the notice required by the Forcible Entry and Detainer Act (Detainer Act) (*id.* § 9-101 *et seq.*).

¶ 36    It is well settled that when a party receives a property after a judicial foreclosure sale, as is the case here, it may pursue a forcible entry and detainer action to evict individuals in possession of the property, pursuant to section 9-102(a)(6) of the Detainer Act, but only after making a "demand in writing by the person entitled thereto, or his or her agent" for possession of the property. See *id.* § 9-102(a)(6). "Where the statute includes a requirement that written demand is made prior to filing a complaint, the demand must be made in strict compliance with the statute or jurisdiction will not attach." *Figueroa v. Deacon*, 404 Ill. App. 3d 48, 52 (2010). Whether there is substantial compliance with a statutory provision is a question of law, and our review is *de novo*. *Id.* "The role of courts in interpreting statutes is to give effect to the legislature's intent when enacting a statute. When the statute is plain and unambiguous, we look only to what is actually contained within the statute by determining its plain and ordinary meaning." *Goldberg v. Astor Plaza Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 43.

¶ 37    Section 9-104 of the Detainer Act, titled "Demand-Notice-Return," explains section 9-102(a)(6)'s "demand in writing" requirement and states as follows:

"The demand required by Section 9-102 of this Act may be made by delivering a copy thereof to the tenant, or by leaving such a copy with some person of the age of 13 years or upwards, residing on, or being in charge of, the premises; or in case no one is in the actual possession of the premises, then by posting the same on the premises; or if those

- 9 -

in possession are unknown occupants who are not parties to any written lease, rental agreement, or right to possession agreement for the premises, then by delivering a copy of the notice, directed to 'unknown occupants', to the occupant or by leaving a copy of the notice with some person of the age of 13 years or upwards occupying the premises, or by posting a copy of the notice on the premises directed to 'unknown occupants'. When such demand is made by an officer authorized to serve process, his or her return is prima facie evidence of the facts therein stated, and if such demand is made by any person not an officer, the return may be sworn to by the person serving the same, and is then prima facie evidence of the facts therein stated. The demand for possession may be in the following form: To . . .

I hereby demand immediate possession of the following described premises: (describing the same.)

The demand shall be signed by the person claiming such possession, his or her agent, or attorney." 735 ILCS 5/9-104 (West 2014).

¶ 38    The Detainer Act does not provide detailed parameters regarding the demand's contents. Instead, it provides only a few requirements. First, section 9-104 requires that the demand be delivered to the tenant in one of the manners listed. *Id.* Here, there is no dispute that Jenkins was personally served with the notice/demand on September 17, 2016. Second, section 9-104 requires the demand to be "signed by the person claiming such possession, his or her agent, or attorney." *Id.* The notice/demand served on Jenkins was signed by Matthew Gruca of Pierce & Associates as "Attorney for Plaintiff." Although Citibank was the plaintiff listed on the notice/demand, Gruca was the attorney for both Citibank and Pennymac. Thus, demand was signed by the attorney for Pennymac, which satisfies the requirement that the demand be signed by the attorney for "person claiming such possession." *Id.*

¶ 39    Section 9-104 states that the demand "may" be in the form set forth therein. *Id.* "Legislative use of the word 'may' is generally regarded as indicating a permissive or directory reading, whereas use of the word 'shall' is generally considered to express a mandatory reading." (Internal quotation marks omitted.) *People v. Bilelegne*, 381 Ill. App. 3d 292, 295 (2008). Here, the notice/demand stated that it was "To: Clarence Jenkins" and stated that Citibank "hereby demands immediate possession of the following premises: 1041 East 168th Street South Holland, IL 60473." Thus, even though the form of the demand was permissive under the statute, the notice/demand here took the same form as suggested in section 9-104 of the Detainer Act. Having complied with both the mandatory and permissive portions of section 9-104, we find that the notice/demand served on Jenkins substantially complied with the Detainer Act.

¶ 40    We reject Jenkins's argument that the notice/demand was defective because it did not contain the accurate name of the property owner. Pennymac responds that there is no requirement that the owner of the property be named in the notice/demand. Our review of the statute indicates that Pennymac is correct. Although not directly on point, we find the court's reasoning in *Luckett* to be instructive in resolving this issue also.

¶ 41    In *Luckett*, the court found that the case involved a correctable misnomer and allowed the amended complaint to relate back to the filing of the original complaint, which contained the inaccurate party name. *Luckett*, 2013 IL App (1st) 113678, ¶ 27. The defendants, however, argued that even if the court had authority to amend the complaint, it did not have authority to amend the defective notice that was attached as an exhibit to the complaint. *Id.* ¶ 28. The court

explained that "[t]he preeviction notice is prepared and served long before a complaint is filed, so the regular pleading rules do not apply to it." *Id.* The court then looked to section 15-1701(h) of the Foreclosure Law[2] and determined "[t]he statute specifies no particular language or content of the preeviction notice, but only provides that it should be 'properly served.' " *Id.* ¶ 29. In fact, the court acknowledged that "there is no requirement that the notice contain the name of the owner." *Id.* Although *Luckett* explores the notice required by the Foreclosure Law and we have already found that statute inapplicable here, we nonetheless find the court's logic there to be helpful. The Detainer Act, similar to the Foreclosure Law, does not contain a requirement that the notice state the owner of the property at issue. Keeping in mind that when a statute is plain and unambiguous, we look only to what is actually contained within the statute by determining its plain and ordinary meaning (*Goldberg*, 2012 IL App (1st) 110620, ¶ 43), we decline to read into the Detainer Act the requirement that the property owner's name be included on the notice.

¶ 42                              C. Trial Court's Grant of Summary Judgment

¶ 43       Finally, we address Jenkins's challenge to the trial court's grant of summary judgment in favor of Pennymac. "[S]ummary judgment is proper only where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Mashal v. City of Chicago*, 2012 IL 112341, ¶ 49 (citing 735 ILCS 5/2-1005(c) (West 2014)). The court is required to strictly construe the pleadings, depositions, admissions, and affidavits against the movant and liberally in favor of the opposing party. *Id.* When examining an appeal from a summary judgment ruling, we conduct a *de novo* review. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992).

¶ 44       In his reply brief, Jenkins expressly states that he "agrees that Pennymac has a right to possession but disagrees that is the end of the matter, focusing on the defect in the notice of intent." Having already determined that the trial court did not abuse its discretion in allowing the complaint to be amended and having found that the notice/demand strictly complied with the requirements of the Detainer Act, we find no genuine issue of material fact exists, rendering summary judgment proper. We, therefore, affirm the trial court's decision.

¶ 45                                          III. CONCLUSION

¶ 46       Based on the foregoing, we find that the trial court properly granted summary judgment in favor of Pennymac and affirm its decision.

¶ 47       Affirmed.

---

[2]We note that subsequent to *Luckett*, section 15-1701(h) of the Foreclosure Law was amended by Pub. Act 98-514, § 5 (eff. Nov. 19, 2013). The amended version of section 15-1701(h) also does not contain a requirement that the owner of the property be named in the notice.