2024 IL App (1st) 232176

SIXTH DIVISION
August 23, 2024

No. 1-23-2176

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| GUNNISON COMMONS, LLC, an Illinois Limited Liability Company, and ELOY BURCIAGA, | ) ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellants, | ) ) | Cook County. |
| v. | ) ) | No. 20 CH 01179 |
| JORGE ALVAREZ and JUAN ALVAREZ, | ) ) | The Honorable Eve M. Reilly, |
| Defendants-Appellees. | ) | Judge, Presiding. |

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court, with opinion.

Justices C.A. Walker and Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1 This appeal arises following the circuit court's grant of summary judgment in favor of defendants, Jorge Alvarez and Juan Alvarez, and denial of plaintiffs' (Gunnison Commons, LLC, an Illinois limited liability company, and Eloy Burciaga) cross-motion for summary judgment. On appeal, plaintiffs contend that the circuit court erred in granting summary

judgment to defendants and denying plaintiffs' motion for summary judgment. For the following reasons, we affirm.

¶ 2                                                    I. BACKGROUND

¶ 3         The undisputed facts of this case come from the circuit court's written memorandum opinion and order entered on October 23, 2023.

¶ 4         Plaintiff Burciaga is a member and manager of plaintiff Gunnison Commons, LLC (Gunnison Commons). Gunnison Commons is a member of the condominium association (Association) for the property located at 3001-3009 West Gunnison Street in Chicago (property). The Association was created by the "Declaration of Condominium Ownership," dated April 4, 2007, and recorded with the Cook County Recorder on April 5, 2007. Gunnison Commons owns 31 of the 32 units at the property and holds 96.4% of the Association votes, while defendants, Jorge Alvarez (Jorge) and Juan Alvarez (Juan), own one unit in the property (the Alvarez Unit) and hold 3.6% of the Association votes. None of the owners resides at the property.

¶ 5         On December 3, 2019, Gunnison Commons called a special meeting to amend section 9 of the declaration to lower the voting requirements for the sale of the building from 100% to 85%. Defendants did not appear at this meeting, and the amendment was passed by 96.4% of the vote (the amended declaration). On December 5, 2019, Burciaga executed, and tendered to the unit owners of the property, a contract for him to purchase the property (the sales contract). On December 19, 2019, Gunnison Commons again called a special meeting of unit owners where a vote was called to approve the sales contract. Defendants did not appear at the meeting. Gunnison Commons voted to approve the sale by passing the motion to approve the sale under the amended declaration by 96.4%.

¶ 6         On January 2, 2020, counsel for Burciaga sent an e-mail to Jorge enclosing documents for Jorge to sign and informing him that closing for the sale of the property was scheduled to close on January 9, 2020. Claudia Petropoulos from First American Title Company also sent Jorge an e-mail that same day, asking for confirmation that Jorge would bring payoff letters for the Alvarez Unit to the closing. Jorge replied that there was no chance of closing happening in the next three years. Defendants did not appear at the closing and did not deliver the requested paperwork.

¶ 7         On January 29, 2020, plaintiffs filed a one-count verified complaint against defendants for specific performance, seeking for "[d]efendants to specifically perform and fulfill the terms of the sales contract, including but not limited to compelling [d]efendants to execute the necessary closing documents and otherwise fulfill their obligations under the sales contract."

¶ 8         On June 11, 2021, defendants filed their answer asserting three verified affirmative defenses. The first and second affirmative defenses argued that the special meetings that purportedly occurred on December 3, 2019, and December 19, 2019, were invalid because Juan never received notice of the special meetings. The third verified affirmative defense argued that Burciaga was not the board president and could not serve as the board president under section 5.1 of the declaration, which stated that "each member of the Board shall be one of the Unit Owners and shall reside on the Property." Defendants contended that any action taken by Burciaga in his capacity as the board president was invalid because he was not a board member in December 2019.

¶ 9         Plaintiffs and defendants filed cross-motions for summary judgment after written discovery. As noted above, the circuit court entered a written memorandum opinion and order on October 23, 2023. In deciding the motions, the circuit court noted that plaintiffs sought

specific performance under the declaration and sales contract in order to complete the sale of the property. Plaintiffs alleged that defendants refused to proceed with the sale and were failing to perform their obligations under the sales contract and section 9 of the declaration, based on their assertion that defendants were bound to the sales contract pursuant to section 9 of the declaration. On December 3, 2019, Gunnison Commons held a special meeting to amend section 9 to lower the percentage of votes required to approve the sale of the property as a whole. Defendants argued in their affirmative defenses that proper notice was not given for the December 3, 2019, meeting and, as such, the amendment was not valid.

¶ 10    Defendants first asserted that Juan did not receive the required notice under the declaration for the special meetings held on December 3, 2019, and December 19, 2019, and, as such, the meetings violated the declaration. The declaration, in relevant part, states:

"5.5. Notices of Meetings. Except as otherwise provided herein, notices of meetings of the Voting Members required to be given herein may be delivered either personally or by mail to the persons entitled to vote thereat, addressed to each such persons at the address given by him to the Board for the purpose of service of such notice, or to the Unit of the Unit Owner with respect to which such voting right appertains if no address have been given to the Board ***."

The declaration further provides:

"13.3. Manner of Giving Notices. Notices provided for in this Declaration and in the Act shall be in writing and shall be addressed to the Board or Association, or any Unit Owner, as the case may be, at the Unit address of any member of the Board or any Unit Owner, as the case may be, or at such other address as herein provided. Any Unit Owner may designate a different address or addresses for notices to him by giving written notice

of his change of address to the Board or Association. Notices addressed as above shall be deemed delivered when mailed by United States registered or certified mail or when delivered in person with written acknowledgement of the receipt thereof, or, if addressed to a Unit Owner, when deposited in his mailbox at such address as he may have designated pursuant hereto, or if he has not so designated, in the Building or at the door of his Unit in the Building."

¶ 11 Plaintiffs stated that notice of the December 3 and December 19, 2019, meetings were sent via United States regular mail. However, the circuit court noted that pursuant to the declaration, no notice could have been properly given in this instance as no notice was sent in the manners designated under the declaration. The court further noted that although defendants failed to designate which of them were to receive meeting notices and never provided an address for Juan about the meeting, because the notices were mailed to the Alvarez Unit and none were addressed to the attention of "All Unit Owners" and none were addressed to Juan, it was unreasonable to believe that Juan would open mail addressed to Jorge or another person (Beatriz Jarmillo), and it was undisputed that the notices sent were not addressed to the unit, but to Jorge and Jarmillo. Because the declaration required that notice was to be given to the persons entitled to vote and that the notice was to be addressed to each such person, and either Jorge or Juan were entitled to vote at any meeting with all votes allocated to the Alvarez Unit, the circuit court found that notice should have been sent to both of them, as they were both entitled to vote. The circuit court concluded that neither meeting held in December 2019 was properly noticed and any action taken was therefore invalid.[1]

---

[1]The circuit court also noted that neither party explained who Beatriz Jarmillo was or why no one seemed to know who owned the Alvarez Unit.

¶ 12    The circuit court then addressed defendants' third affirmative defense that Burciaga could not serve as board president because he did not reside on the property as required under section 5.1 of the declaration. Plaintiffs responded that the provision was void as a matter of public policy under section 18 of the Condominium Property Act (Act) (765 ILCS 605/18 (West 2018)) because it created two classes of ownership, that defendants' theory would mean that no one could sit on the board, that Burciaga's act in signing the amendment as president was just ministerial, and that the unit owners called the meeting and approved the amendment.

¶ 13    The circuit court found that the provision was not void under the Act because the Act did not preclude an association from implementing stricter requirements to be eligible to sit on the board. The court also rejected plaintiffs' argument that the on-site residency requirement did not prevent there being a board and noted that the declaration provided mechanisms to allow for amendment to the on-site residency rule. The court noted that there was nothing in the record that showed any such meetings were called or that any changes were ever made, thus the residency requirement was still in effect in December 2019 when the special meetings took place. Finally, the circuit court concluded that Burciaga's signing of the amendment and the sales contract was not merely administerial, based on the plain language of section 13 of the declaration. The court ultimately found that the amended declaration was invalid, noting that section 13.7 of the declaration provided that any approved amendments were effective once filed with the Cook County Recorder of Deeds, provided that no such change, modification, or recission shall change the boundaries of any unit, the allocation of percentages of ownership in the common elements and votes in the Association, quorum, and voting requirements for actions by the Association, except as authorized by other provisions of the declaration or the Act. As such, the court concluded that whether Burciaga was actively president or not would

not change the fact that any amendments to the declaration could not amend the voting requirements for such actions. Moreover, the language of the declaration that prevented amendments to voting requirements and required 100% approval to sell the property in its entirety showed that the drafters intended to prevent the exact situation that was before the court. Because the required votes to approve the sale of the property was never validly amended, and the record showed that 100% of the unit owners did not affirmatively vote to sell the property, the court concluded that the amendment was invalid.

¶ 14        With respect to the cross-motions for summary judgment, the circuit court found that there was no question of material fact. Plaintiffs failed to show that they were entitled to judgment as a matter of law for specific performance, as the evidence showed there was no valid, enforceable, and binding contract under which specific performance could be granted. Defendants showed that there was no proper notice under the declaration and that Burciaga was not validly acting as president at the time he signed the amended declaration. The court then denied plaintiffs' motion for summary judgment and granted defendants' motion for summary judgment.

¶ 15        Plaintiffs filed their timely notice of appeal on November 16, 2023.

¶ 16                                                    II. ANALYSIS

¶ 17        On appeal, plaintiffs seek reversal of the order granting summary judgment in favor of defendant and a ruling that plaintiffs were entitled to summary judgment or that both summary judgment motions should be denied and that the matter should be remanded for further proceedings on the merits. Specifically, plaintiffs contend that they are entitled to summary judgment as a matter of law, that defendants' first and second affirmative defenses fail because notice of each meeting was properly given, that defendants' third affirmative defense fails

because a nonresident was properly the board president and a board member, and that if there was a waiver of any issue, that does not bind this court, given the significance of the issues raised in this appeal.

¶ 18                                    A. Jurisdiction

¶ 19        A final judgment of summary dismissal was entered in favor of defendants and against plaintiffs on October 23, 2023, and defendants' notice of appeal was filed on November 16, 2023. Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that every judgment of a circuit court in a civil case is appealable as of right and that the appeal is initiated by filing a notice of appeal. Rule 303(a) provides that the notice of appeal must be filed with the clerk of the circuit court within 30 day safter entry of the final judgment appealed from. Ill. S. Ct. R. 303(a) (eff. July 1, 2017). Therefore, we have jurisdiction to hear this appeal.

¶ 20                                    B. Forfeiture

¶ 21        As a preliminary matter, we must determine whether any of plaintiffs' arguments on appeal are forfeited. A good portion of plaintiffs' arguments on appeal center on when they learned of Juan's ownership interest in the Alvarez Unit, as well as their reliance on portions of the Act. Plaintiffs raised the issue of forfeiture and waiver in their opening brief. In the last second of their opening brief, plaintiffs state that

> "[i]n good faith, plaintiffs believe that the issues raised in [their] brief were raised in the circuit court in this case. *Arguendo*, to the extent that any issue may not have been raised below and therefore purportedly waived (now called forfeited, per *Gallagher v. Lenart*, 226 Ill. 2d 208, 229 (2007), plaintiffs respectfully submit the following:
>
> ***

*** Maintenance of a sound body of precedent requires that these issues all be fully adjudicated, with all arguments on both sides being fully considered."

Plaintiffs accordingly urge this court to disregard well-established rules of "forfeiture."

¶ 22     In response, defendants argue that plaintiffs' brief primarily relies on new arguments that were never presented to the circuit court, which necessitated that they conclude their brief with a section arguing that this court should ignore their forfeiture, despite the fact that the plain language of the declaration controls the issue. Specifically, defendants contend that plaintiffs' arguments related to newly disclosed allegations of when they learned of Juan's ownership interest in the Alvarez Unit and legal theories relying on new legal theories under section 27(a) of the Act (765 ILCS 605/27(a) (West 2018)) are raised for the first time on appeal.

¶ 23     Prior to proceeding, we deem it appropriate to clarify the difference between "waiver" and "forfeiture." Although the concepts of "waiver" and "forfeiture" are often used interchangeably by parties as well as by courts sometimes, the two terms are distinct. *Pinske v. Allstate Property & Casualty Insurance Co.*, 2015 IL App (1st) 150537, ¶ 18. "Waiver" is the voluntary relinquishment of a known right, while "forfeiture" refers to the failure to make the timely assertion of the right. *Id.*; *Pennymac Corp. v. Jenkins*, 2018 IL App (1st) 171191, ¶ 21. Generally, arguments not raised in the circuit court are forfeited and cannot be raised for the first time on appeal. *Pennymac*, 2018 IL App (1st) 171191, ¶ 21. Plaintiffs are correct in asserting that waiver and forfeiture rules are admonitions to the litigants, rather than a limitation on the jurisdiction of the reviewing court, and, thus, we may sometimes override considerations of waiver and forfeiture in order to achieve a just result and maintain a sound and uniform body of precedent. *Pinske*, 2015 IL App (1st) 150537, ¶ 19.

¶ 24     However, we do not believe that the circumstances of this case warrant a relaxing of the forfeiture rule. Plaintiffs had two opportunities to raise these issues in the circuit court—in their complaint for specific performance and in their motion for summary judgment—but they did not. Forfeiture rules are in place specifically to prevent parties from creating new issues on appeal, and plaintiffs have forfeited their right to raise issues related to Juan's ownership and legal theories under section 27(a) of the Act (765 ILCS 605/27(a) (West 2018)) for the first time on appeal. Plaintiffs do not provide any reasons for why they failed to raise these issues below. As the plaintiffs, they were in control of the content of the complaint as well as their motion for summary judgment. Additionally, it is undisputed that plaintiffs were aware of Juan's ownership interest prior to filing suit, as he was included as a defendant; thus, any arguments related to that issue could have been raised earlier. The same holds true for plaintiffs' new legal theories under the Act. Plaintiffs were well aware of the Act as they argued that relaxation of the forfeiture rule would neither cause an unjust result nor fail to maintain a sound and uniform body of precedent. Accordingly, we hold that any arguments related to when plaintiffs learned of Juan's ownership and new legal theories under section 27(a) of the Act are forfeited. Without expressing any opinion as to the sufficiency of those arguments, we decline to address them here.

¶ 25                    C. Grant of Summary Judgment in Favor of Defendants

¶ 26     We now turn our attention to the merits of plaintiffs' arguments on appeal—namely, that they were entitled to summary judgment because they properly raised a claim for specific performance based on the existence of a valid and enforceable contract; a valid meeting, vote, and contract to sell the property; and the percentage of ownership voting to sell exceeded the percentage required under the Act, the Chicago Municipal Code, or the declaration as

amended. Plaintiffs further contend that Burciaga properly executed a purchase agreement and defendants refused to perform their part of the contract. As such, plaintiffs conclude that they established their entitlement to specific performance as a matter of law. Plaintiffs further contend that the circuit court erred in finding that defendants' affirmative defenses barred plaintiffs' case and entitled defendants to summary judgment. Specifically, plaintiffs contend that proper notice was given for the December 2019 meetings and that Burciaga, a nonresident, was properly the board president and a board member.

¶ 27        The purpose of summary judgment is not to try a question of fact but to determine whether a genuine issue of material fact exists. *Wolff v. Bethany North Suburban Group*, 2021 IL App (1st) 191858, ¶ 29. A motion for summary judgment should only be granted if the pleadings, depositions, and affidavits on file demonstrate that no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Id.* In determining whether a genuine issue as to any material fact exists, a reviewing court must view the evidence in the light most favorable to the nonmoving party. *Id.* A genuine issue of material fact precluding summary judgment exists where (1) the material facts are disputed or (2) if the material facts are undisputed, reasonable people may draw different inferences from the undisputed facts. *Id.* Summary judgment is encouraged as an expeditious manner of disposing of a lawsuit, but it should be utilized only when a party's right to a judgment is clear and free from doubt. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 43 (2004). We review the circuit court's decision to grant summary judgment *de novo*. *Pennymac*, 2018 IL App (1st) 171191, ¶ 43.

¶ 28        In this case, we agree with the circuit court that there are no issues of material fact. Our review of the declaration's provisions related to notice, amendment, and eligibility to be a

board member effectively defeat plaintiffs' claims that they were entitled to summary judgment as a matter of law.

¶ 29        Sections 5 and 13 of the declaration, as noted previously, provides for the manner of notice to unit owners for special meetings—namely, that such notice, addressed to each unit owner entitled to vote, be sent by registered or certified mail or sent to the unit. See *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2014 IL App (1st) 111290, ¶¶ 127-28 (condominium association board violated condominium declaration by failing to mail to all unit owners notice of board meetings, even though the Act allowed for notice of meetings to be mailed or delivered because the declaration provision applied, as it was not inconsistent with the Act).

¶ 30        It is undisputed that the notice plaintiffs sent was addressed generally to "all unit owners" and was sent by regular mail. While Jorge received the notice by regular mail, the record is undisputed that Juan never received any notice. Thus, the meetings at which the amendment was adopted and the sales contract was approved were improper, and the actions taken at those meetings were invalid.

¶ 31        The same reasoning applies to the amendment restriction in section 13.7 and the board member restriction in section 5.1 of the declaration. Section 13.7 specifically precluded any amendment to the unit owners' voting rights or quorum requirements without 100% owner agreement, which is precisely what plaintiffs purported to do here with the amendment for their own purposes. The plain language of the declaration also precludes Burciaga from serving or acting as the board president because he was not a resident of the property as required. Plaintiffs simply repeat in this court their conclusory arguments raised in the circuit court—namely, that the declaration was properly amended under the Act, despite the plain language of the declaration itself. Plaintiffs cite no authority to support their bare assertion that the

declaration's requirement that only unit owners serve on the Board creates two classes of ownership, and we disagree with plaintiffs' contention that the declaration's provision creates two classes of ownership and is void as a matter of law.

¶ 32 Section 4.1(b) of the Act provides that where there is a conflict between the declaration and the bylaws or other condominium instruments, the provision in the declaration prevails unless it is inconsistent with the Act. 765 ILCS 605/4.1(b) (West 2018)). Plaintiffs have not alleged or shown that the declaration's more restrictive provision conflicts with the Act. We therefore reject plaintiffs' contention that there is somehow a genuine issue of material fact created by their refusal to acknowledge the plain language of the declaration and agree with the circuit court that the Act does not preclude the declaration from having the challenged provisions.

¶ 33 As plaintiffs have failed to demonstrate that there is any genuine issue of material fact regarding defendants' affirmative defenses that serve to defeat plaintiffs' complaint for specific performance, we find that summary judgment was properly entered in favor of defendants as a matter of law.

¶ 34 III. CONCLUSION

¶ 35 For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 36 Affirmed.

*Gunnison Commons, LLC v. Alvarez*, 2024 IL App (1st) 232176

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-CH-01179; the Hon. Eve M. Reilly, Judge, presiding. |
| **Attorneys for Appellant:** | Richard Lee Stavins and Chirstine R. Walsh, of Robbins DiMonte, Ltd., of Chicago, for appellants. |
| **Attorneys for Appellee:** | Stephen Donnelly, of Parikh Law Group, LLC, of Chicago, for appellees. |